UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

ALESSANDRO GAJANO,                    :

              Plaintiff,       :       08-CV-0161 (MGC)

    -against-                        :       ECF CASE

NORDDEUTSCHE LANDESBANK               :       **ANSWER**
GIROZENTRALE,

           Defendant.

------------------------------------- X

    Defendant Norddeutsche Landesbank Girozentrale ("Defendant"), by its attorneys, McDermott Will & Emery LLP, answers the complaint ("Complaint") of plaintiff Alessandro Gajano ("Plaintiff") as follows:

## NATURE OF PROCEEDINGS

    1.      Avers that the allegations contained in paragraph 1 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 1 contains factual allegations, Defendant denies each and every allegation contained in paragraph 1 of the Complaint and respectfully refers the Court to the statute referenced in paragraph 1 of the Complaint for the true and correct content thereof.

## THE PARTIES

    2.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's residency as contained in paragraph 2 of the Complaint.

3.      Avers that the allegations contained paragraph 3 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 3 contains factual allegations, Defendant admits that it maintains its New York offices at 1114 Avenue of the Americas, New York, New York 10036.

## FACTUAL ALLEGATIONS

4.      Admits the allegations contained in paragraph 4 of the Complaint.

5.      Admits the allegations contained in paragraph 5 of the Complaint.

6.      Denies the allegations contained in paragraph 6 of the Complaint, except admits that, upon his hire, Plaintiff received an annual base salary of $220,000.00.  Answering further, Defendant avers Plaintiff was eligible -- although not entitled -- to receive additional compensation in the form discretionary bonus payments, which payments were contingent upon both Defendant's financial results and Plaintiff's performance, in the sole and absolute discretion of Defendant.

7.      Avers that the allegations contained in paragraph 7 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 7 contains factual allegations, Defendant denies each and every allegation contained in paragraph 7 of the Complaint.

8.      Denies the allegations contained in paragraph 8 of the Complaint and avers that Plaintiff was not entitled to any compensation other than his annual base salary.  Answering further, Defendant avers that its decision to award discretionary bonus payments was contingent upon both its financial results and individual employee performance, in the sole and absolute

discretion of Defendant.

9.      Avers that the allegations contained in paragraph 9 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 9 contains factual allegations, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10.      Avers that the allegations contained in paragraph 10 of the Complaint recite general propositions to which no responsive pleading can or should be framed. Notwithstanding the foregoing, to the extent that paragraph 10 contains factual allegations to which a response is required, Defendant denies knowledge or information sufficient to form a belief as to the practices of the "industry in general" as contained in paragraph 10 of the Complaint.

11.      Denies the allegations contained in paragraph 11 of the Complaint, except admits that Plaintiff received discretionary bonus payments in the years 2001 through 2005.

12.      Denies the allegations contained in paragraph 12 of the Complaint regarding the performance of capital markets in 2005. Answering further, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's application to be co-manager of Defendant's New York branch.

13.      Avers that the allegations contained in paragraph 13 of the Complaint recite general propositions to which no responsive pleading can or should be framed. Notwithstanding the foregoing, to the extent that paragraph 13 contains factual allegations to which a response is required, Defendant denies knowledge or information sufficient to form a belief as to "industry

practice" as contained in paragraph 13 of the Complaint, and avers that its decision to award discretionary bonus payments was contingent upon both its financial results and individual employee performance, in the sole and absolute discretion of Defendant.

   14. Admits the allegations contained in paragraph 14 of the Complaint.

   15. Denies the allegations in paragraph 15 of the Complaint, except admits that, pursuant to a one-year notice provision in Plaintiff's employment letter agreement, Plaintiff was notified of his termination on January 13, 2006, which termination would officially take effect in one year's time.  Answering further, Plaintiff continued to receive his annual base salary for the period of January 13, 2006 through January 13, 2007, although he did not report to work during that period.

   16. Denies each and every allegation contained in paragraph 16 of the Complaint, and avers that Defendant maintains separation guidelines -- not regulations -- regarding severance pay for terminated employees.  Answering further, the separation guidelines provide that the maximum severance pay for any employee will not be more than one year's salary, which amount Plaintiff received pursuant to the terms of his employment letter agreement.

   17. Denies each and every allegation contained in paragraph 17 of the Complaint.

## FIRST CLAIM FOR RELIEF

   18. Incorporates the responses made to paragraphs 1 to 17 of the Complaint as if fully set forth herein.

   19. Denies each and every allegation contained in paragraph 19 of the Complaint.

## SECOND CLAIM FOR RELIEF

20.    Incorporates the responses made to paragraphs 1 to 19 of the Complaint as if fully set forth herein.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint.

## THIRD CLAIM FOR RELIEF

22.    Incorporates the responses made to paragraphs 1 to 21 of the Complaint as if fully set forth herein.

23.    Denies each and every allegation contained in paragraph 23 of the Complaint.

24.    Denies each and every allegation contained in paragraph 24 of the Complaint.

25.    Denies each and every allegation contained in paragraph 25 of the Complaint.

## FOURTH CLAIM FOR RELIEF

26.    Incorporates the responses made to paragraphs 1 to 25 of the Complaint as if fully set forth herein.

27.    Denies each and every allegation contained in paragraph 27 of the Complaint.

28.    Denies each and every allegation contained in paragraph 28 of the Complaint.

## FIFTH CLAIM FOR RELIEF

29.    Incorporates the responses made to paragraphs 1 to 28 of the Complaint as if fully set forth herein.

30.    Avers that the allegations contained in paragraph 30 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 30 contains factual allegations, Defendant admits that it maintains a defined benefit pension plan (as amended 2001), the content of which speaks for itself.

31.    Denies each and every allegation set forth in paragraph 31 of the Complaint.

32.    Avers that the allegations contained in paragraph 32 of the Complaint state a legal conclusion to which no response is required and respectfully refers the Court to the statute referenced in paragraph 32 of the Complaint for the true and correct content thereof.

33.    Denies each and every allegation set forth in paragraph 33 of the Complaint.

## SIXTH CLAIM FOR RELIEF

34.    Incorporates the responses made to paragraphs 1 to 33 of the Complaint as if fully set forth herein.

35.    Avers that the allegations contained in paragraph 35 of the Complaint state a legal conclusion to which no response is required.  Notwithstanding the foregoing, to the extent that paragraph 35 contains factual allegations, Defendant admits that it maintains a defined benefit pension plan (as amended 2001), the content of which speaks for itself.

36.    Avers that the allegations contained in paragraph 36 of the Complaint state a legal conclusion to which no response is required and respectfully refers the Court to the statute referenced in paragraph 36 of the Complaint for the true and correct content thereof.

37.    Admits the allegations contained in paragraph 37 of the Complaint.

38.     Denies the allegations contained in paragraph 38 of the Complaint, except admits that Defendant maintains a defined benefit pension plan (as amended 2001), the content of which speaks for itself.

39.     Admits the allegations contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint and avers that Plaintiff failed to submit the election of distribution form and the direct rollover election form, which forms must be submitted to obtain distribution of pension benefits.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint and avers that Plaintiff failed to submit the election of distribution form and the direct rollover election form, which forms must be submitted to obtain distribution of pension benefits.

42.     Denies each and every allegation contained in paragraph 42 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**

43.     Incorporates the responses made to paragraphs 1 to 42 of the Complaint as if fully set forth herein.

44.     Avers that the allegations contained in paragraph 44 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 44 contains factual allegations, Defendant admits that it maintains a defined benefit pension plan (as amended 2001), the content of which speaks for itself.

45.     Avers that the allegations contained in paragraph 45 of the Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent

that paragraph 45 contains factual allegations, Defendant denies each and every allegation set forth in paragraph 45 of the Complaint.

46.    Denies each and every allegation set forth in paragraph 46 of the Complaint.

47.    Denies each and every allegation contained in roman numerals (i) to (iii) contained in the WHEREFORE clause of the Complaint and further denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

48.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

49.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

50.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, release and/or accord and satisfaction.

## FOURTH AFFIRMATIVE DEFENSE

51.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

52.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

53.    Plaintiff's claims are barred, in whole or in part, by the parole evidence rule, the statute of frauds or failure of consideration.

## SEVENTH AFFIRMATIVE DEFENSE

54.    Plaintiff has failed to exhaust his administrative and/or statutory remedies and procedures.

## EIGHTH AFFIRMATIVE DEFENSE

55.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged reliance upon alleged an representation by Defendant was unjustified and/or insubstantial and/or not to Plaintiff's detriment.

## NINTH AFFIRMATIVE DEFENSE

56.    Plaintiff's claims are preempted by federal law, including ERISA, 29 U.S.C. § et seq.

## TENTH AFFIRMATIVE DEFENSE

57.    Any application and/or interpretation of any pension or benefit plan was not arbitrary or capricious.

WHEREFORE, Defendant respectfully requests that this Court:

a.    Dismiss the Complaint, with prejudice;

b.    Award Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees; and

c.    Award Defendant such other and further relief as determined by this Court.


Dated: New York, New York
       January 15, 2008


                                 McDERMOTT WILL & EMERY LLP

                                 By: _____
                                     Joel E. Cohen (JC 5312)
                                     Katherine D. Kale (KK 7586)

                                 340 Madison Avenue
                                 New York, NY 10173
                                 (212) 547-5400 (Tel.)
                                 (212) 547-5444 (Fax)


                                 *Attorneys for Defendant*
                                 *Norddeutsche Landesbank Girozentrale*


NYK 1139254-1.041332.0354