UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

ALESSANDRO GAJANO,                    :

              Plaintiff,             :     08-CV-0161 (MGC)

   -against-                          :     ECF CASE

NORDDEUTSCHE LANDESBANK               :
GIROZENTRALE,

            Defendant.

------------------------------------- X

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S DEMAND FOR A JURY TRIAL

**McDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Defendant*

## TABLE OF CONTENTS

**Page**

PROCEDURAL HISTORY ................................................................................ 1

ARGUMENT ................................................................................................... 2

I.     PLAINTIFF'S RIGHT TO DEMAND A JURY TRIAL HAS BEEN WAIVED ............. 2

II.    THE AMENDED COMPLAINT DOES NOT REVIVE PLAINTIFF'S RIGHT
       TO DEMAND A JURY ................................................................................ 2

III.   THIS COURT SHOULD NOT EXERCISE ITS DISCRETION TO ORDER A
       JURY TRIAL .............................................................................................. 4

CONCLUSION ................................................................................................. 4

## PROCEDURAL HISTORY

Plaintiff Alessandro Gajano ("Plaintiff") filed this action on December 19, 2007, in the Supreme Court of the State of New York, County of New York. On January 8, 2008, Defendant Norddeutsche Landesbank Girozentrale ("Defendant") timely removed this action to the United States District Court for the Southern District of New York on federal question grounds pursuant to the statutory authority of 28 U.S.C. § 1331. On January 15, 2008, Defendant filed its answer to the complaint. Notably, the complaint did not contain a demand for a jury trial and no such demand was made by Plaintiff within the statutorily prescribed ten-day period after removal or after Defendant filed its answer. Fed. R. Civ. P. 38(b), 81(c)(3)(B) ("Rule _"). Instead, on March 31, 2008 -- the last day to amend the pleadings -- Plaintiff filed an amended complaint.[1] The amended complaint is nearly identical to the original complaint except for minor word changes and the inclusion of a jury demand. Defendant files the instant motion to strike Plaintiff's demand for a jury trial on the grounds that: (i) the right to demand a jury trial has been waived under Rule 38(b); (ii) the filing of the amended complaint does not revive the right to demand a jury trial; and (iii) Plaintiff's inadvertence does not justify exercise of the Court's discretion to order a jury trial pursuant to Rule 39(b).

---

[1] Rather than file an amended complaint, Plaintiff should have filed a motion for leave to make a demand for a jury trial pursuant to Rule 38(b) or, in the alternative, for this Court to order a jury trial pursuant to Rule 39(b). Nonetheless, even assuming Plaintiff had followed the appropriate procedural protocol, this Court should still grant Defendant's motion for the reasons set forth herein.

## ARGUMENT

**I.    Plaintiff's Right To Demand A Jury Trial Has Been Waived.**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, parties to an action must demand a jury trial within ten days of service of "the last pleading directed to such issue." Fed. R. Civ. P. 38(b).  A party who fails to serve and make such demand within the designated time period automatically waives his right to a jury trial as to all issues in the general area of dispute. Fed. R. Civ. P. 38(d); Lastra v. Weil, Gotshal & Manges LLP, No. 03 Civ. 8756 (RJH)(RLE), 2005 U.S. Dist. LEXIS 3630, at *4 (S.D.N.Y. Mar. 8, 2005).  Here, there is no dispute that Plaintiff's original complaint did not contain a demand for a jury or that he failed to timely demand a jury trial within ten days from removal or service of the answer as required by the rules.  Moreover, counsel for the parties were *explicitly* notified of the waiver by the Court at their initial conference on March 6, 2008.  Nonetheless, at that time, the Court left open the possibility that it would still consider a demand for a jury trial, provided that such demand be promptly made.  Yet despite the Court's unequivocal instruction in this regard, Plaintiff *again* let the ten-day period expire without demanding a jury trial.  Accordingly, there can be no dispute that Plaintiff has twice waived his right to demand a jury trial.

**II.    The Amended Complaint Does Not Revive Plaintiff's Right To Demand A Jury.**

As noted above, on March 31, 2008, Plaintiff amended the complaint to include a demand for a jury trial.[2]  Although Rule 38(b) allows a jury demand to be made within ten days after service of an amended pleading, it is well-established that an amended pleading does not

---

[2] Notably, Plaintiff improperly filed the amended complaint via the ECF system.  As an initiating document, the amended complaint should have been filed and served upon the opposing party in paper form and uploaded to the ECF system by emailing the same in PDF form to the ECF clerk. See Section (3) of the S.D.N.Y. 3rd Amended Instructions For Filing An Electronic Case or Appeal; Section 1(d) of the S.D.N.Y. Procedures For Electronic Case Filing.

revive a previously waived right to demand a jury trial on issues already framed by the original pleading. See Lastra, 2005 U.S. Dist. LEXIS 3630, at *4-5. In analyzing whether an amended pleading is significantly different from the original pleading such that the right to demand a jury trial is revived, courts in this circuit examine whether the amendment changes the underlying claims or the nature of the relief desired. See Lanza v. Drexel & Co., 479 F.2d 1277, 1310 (2d Cir. 1973); Sunenblick v. Harrell, No. 91 Civ. 6606 (LAP), 1993 U.S. Dist. LEXIS 228, at *6 (S.D.N.Y. Jan. 11, 1993). However, where an amended pleading is substantially identical and covers the same general area of dispute as the original pleading, the filing of an amended pleading does not revive the right to demand a jury trial. See, e.g., Sea Carriers Corp. v. Empire Programs Inc., No. 04 Civ. 7395 (RWS), 2007 U.S. Dist. LEXIS 7812, at *2-3 (S.D.N.Y. Jan. 26, 2007); Lastra, 2005 U.S. Dist. LEXIS 3630, at *5-6.

Here, the amended complaint sets forth the same claims against the same parties and frames the same issues to be resolved as those in the original complaint. (See Cohen Aff., Exs. 1 and 2.) In fact, with the exception of minor word changes to paragraphs 40 and 41 -- which concern the method of payment of Plaintiff's pension -- the amended complaint is identical to the original complaint. See Westchester Day School v. Village of Mamaroneck, 363 F. Supp. 2d 667, 670 (S.D.N.Y. 2005)(finding amended pleading did not revive right to demand a jury trial where failed to raise new issues); Lastra, 2005 U.S. Dist. LEXIS 3630, at *7 (finding amended complaint did not revive right to jury trial where "substantially identical" to previous pleading); Sunenblick, 1993 U.S. Dist. LEXIS 228, at *5 (explaining merely adding alternative legal theory upon which relief could be granted is insufficient to revive right to jury trial). Moreover, it is abundantly clear that Plaintiff's filing of the amended complaint was simply an attempt to circumvent the ten-day limitation period set forth in Rule 38(b), as further evidenced by the fact

that he captioned the pleading "Demand for Trial by Jury" on the ECF docket. (See Cohen Aff.,

Ex. 3.) Thus, because the amended complaint does not revive Plaintiff's right to demand a jury

trial, this Court should strike the untimely demand from the amended complaint.

### III.    This Court Should Not Exercise Its Discretion To Order A Jury Trial.

When a party fails to timely demand a jury trial pursuant to Rule 38, a court nonetheless

has the discretion to order a jury trial under Rule 39(b). See Lastra, 2005 U.S. Dist. LEXIS

3630, at *6.  Exercise of this discretion, however, is strictly limited to where there has been a

showing beyond a party's mere inadvertence. Id. (citing Noonan v. Cunard Steamship Co., 375

F.2d 69, 70 (2d Cir. 1967)).  In the instant case, Plaintiff cannot show that his failure to timely

demand a jury trial is anything beyond mere inadvertence.  To be sure, even after this Court

warned Plaintiff of his initial waiver, he *again failed* to make a timely application for a jury trial.

Moreover, the fact that this case was removed from state to federal court -- where the rules

regulating the timeliness of a jury demand differ -- is of no consequence where, as here, Plaintiff

has already been given an opportunity to rectify his waiver and he failed to do so.  See South

African Airways v. Tawil, 658 F. Supp. 889, (S.D.N.Y. 1987)(granting motion to strike jury

demand despite removal from state to federal court).  Indeed, it is difficult to imagine a scenario

that more clearly exemplifies a party's inadvertence to preserving its right to a jury trial.

Accordingly, as there is no justification for further relief, this Court should refuse to exercise its

discretionary authority to order a jury trial pursuant to Rule 39(b).

### CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court grant its

motion to strike Plaintiff's demand for a jury trial.

Dated: New York, New York
April 14, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: _____
Joel E. Cohen (JC 5312)
Katherine D. Kale (KK 7586)
340 Madison Avenue
New York, New York  10173
(212) 547-5400

*Attorneys for Defendant*