UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
ALESSANDRO GAJANO,                    :
              Plaintiff,             :   08-CV-0161 (MGC)

  -against-                          :   ECF CASE

NORDDEUTSCHE LANDESBANK               :   **ANSWER TO THE AMENDED COMPLAINT**
GIROZENTRALE,

              Defendant.
------------------------------------- X

Defendant Norddeutsche Landesbank Girozentrale ("Defendant"), by its attorneys, McDermott Will & Emery LLP, answers the Amended Complaint ("Amended Complaint") of plaintiff Alessandro Gajano ("Plaintiff") as follows:

## NATURE OF PROCEEDINGS

1.     Avers that the allegations contained in paragraph 1 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 1 contains factual allegations, Defendant denies the allegations contained in paragraph 1 of the Amended Complaint, except admits that Plaintiff is a former employee of Defendant, and respectfully refers the Court to the statute referenced in paragraph 1 of the Amended Complaint for the true and correct content thereof.

## THE PARTIES

2.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's residency as contained in paragraph 2 of the Amended Complaint.

3. Avers that the allegations contained paragraph 3 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 3 contains factual allegations, Defendant admits that it maintains its New York offices at 1114 Avenue of the Americas, New York, New York 10036.

## FACTUAL ALLEGATIONS

4. Admits the allegations contained in paragraph 4 of the Amended Complaint.

5. Admits the allegations contained in paragraph 5 of the Amended Complaint.

6. Denies the allegations contained in paragraph 6 of the Amended Complaint, except admits that, upon his hire, Plaintiff received an annual base salary of $220,000.00. Answering further, Defendant avers that Plaintiff was eligible -- although not entitled -- to receive additional compensation in the form discretionary bonus payments, which payments were contingent upon both Defendant's financial results and Plaintiff's performance, in the sole and absolute discretion of Defendant.

7. Avers that the allegations contained in paragraph 7 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 7 contains factual allegations, Defendant denies each and every allegation contained in paragraph 7 of the Amended Complaint.

8. Denies the allegations contained in paragraph 8 of the Amended Complaint and avers that Plaintiff was not entitled to any compensation other than his annual base salary. Answering further, Defendant avers that its decision to award discretionary bonus payments was contingent upon both its financial results and individual employee performance, in the sole and

absolute discretion of Defendant.

9. Avers that the allegations contained in paragraph 9 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 9 contains factual allegations, Defendant denies each and every allegation contained in paragraph 9 of the Amended Complaint.

10. Avers that the allegations contained in paragraph 10 of the Amended Complaint recite general propositions to which no responsive pleading can or should be framed. Notwithstanding the foregoing, to the extent that paragraph 10 contains factual allegations to which a response is required, Defendant denies knowledge or information sufficient to form a belief as to the practices of the "industry in general" as contained in paragraph 10 of the Amended Complaint.

11. Denies the allegations contained in paragraph 11 of the Amended Complaint, except admits that Plaintiff received discretionary bonus payments in the years 2001 through 2005.

12. Denies the allegations contained in paragraph 12 of the Amended Complaint regarding the performance of capital markets in 2005. Answering further, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiff's application to be co-manager of Defendant's New York branch.

13. Avers that the allegations contained in paragraph 13 of the Amended Complaint recite general propositions to which no responsive pleading can or should be framed. Notwithstanding the foregoing, to the extent that paragraph 13 contains factual allegations to

which a response is required, Defendant denies knowledge or information sufficient to form a belief as to "industry practice" as contained in paragraph 13 of the Amended Complaint, and avers that its decision to award discretionary bonus payments was contingent upon both its financial results and individual employee performance, in the sole and absolute discretion of Defendant.

14. Admits the allegations contained in paragraph 14 of the Amended Complaint.

15. Denies the allegations in paragraph 15 of the Amended Complaint, except admits that, pursuant to a one-year notice provision in Plaintiff's employment letter agreement, Plaintiff was notified of his termination on January 13, 2006, which termination would officially take effect in one year's time. Answering further, Plaintiff continued to receive his annual base salary for the period of January 13, 2006 through January 13, 2007, although he did not report to work during that period.

16. Denies each and every allegation contained in paragraph 16 of the Amended Complaint, and avers that Defendant maintains separation guidelines -- not regulations -- regarding severance pay for terminated employees. Answering further, the separation guidelines provide that the maximum severance pay for any employee will not be more than one year's salary, which amount Plaintiff received pursuant to the terms of his employment letter agreement.

17. Denies each and every allegation contained in paragraph 17 of the Amended Complaint.

## FIRST CLAIM FOR RELIEF

18.   Incorporates the responses made to paragraphs 1 to 17 of the Amended Complaint as if fully set forth herein.

19.   Denies each and every allegation contained in paragraph 19 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

20.   Incorporates the responses made to paragraphs 1 to 19 of the Amended Complaint as if fully set forth herein.

21.   Avers that the allegations contained in paragraph 21 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 21 contains factual allegations, Defendant denies each and every allegation contained in paragraph 21 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF

22.   Incorporates the responses made to paragraphs 1 to 21 of the Amended Complaint as if fully set forth herein.

23.   Denies each and every allegation contained in paragraph 23 of the Amended Complaint.

24.   Denies each and every allegation contained in paragraph 24 of the Amended Complaint.

25.     Denies each and every allegation contained in paragraph 25 of the Amended Complaint.

## FOURTH CLAIM FOR RELIEF

26.     Incorporates the responses made to paragraphs 1 to 25 of the Amended Complaint as if fully set forth herein.

27.     Denies each and every allegation contained in paragraph 27 of the Amended Complaint.

28.     Denies each and every allegation contained in paragraph 28 of the Amended Complaint.

## FIFTH CLAIM FOR RELIEF

29.     Incorporates the responses made to paragraphs 1 to 28 of the Amended Complaint as if fully set forth herein.

30.     Avers that the allegations contained in paragraph 30 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 30 contains factual allegations, Defendant admits that it maintains a defined benefit pension plan (as amended 2001), the content of which speaks for itself.

31.     Denies each and every allegation set forth in paragraph 31 of the Amended Complaint.

32.     Avers that the allegations contained in paragraph 32 of the Amended Complaint state a legal conclusion to which no response is required. Answering further, Defendant

respectfully refers the Court to the statute referenced in paragraph 32 of the Amended Complaint for the true and correct content thereof.

33.     Denies each and every allegation set forth in paragraph 33 of the Amended Complaint.

## SIXTH CLAIM FOR RELIEF

34.     Incorporates the responses made to paragraphs 1 to 33 of the Amended Complaint as if fully set forth herein.

35.     Avers that the allegations contained in paragraph 35 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 35 contains factual allegations, Defendant admits that it maintains a defined benefit pension plan (as amended 2001), the content of which speaks for itself.

36.     Avers that the allegations contained in paragraph 36 of the Amended Complaint state a legal conclusion to which no response is required. Answering further, Defendant respectfully refers the Court to the statute referenced in paragraph 36 of the Amended Complaint for the true and correct content thereof.

37.     Admits the allegations contained in paragraph 37 of the Amended Complaint.

38.     Denies the allegations contained in paragraph 38 of the Amended Complaint, except admits that Defendant maintains a defined benefit pension plan (as amended 2001), the content of which speaks for itself.

39.     Admits the allegations contained in paragraph 39 of the Amended Complaint.

40. Admits the allegations contained in paragraph 40 of the Amended Complaint and avers that, under the terms of the defined benefit pension plan (as amended 2001), Plaintiff is not eligible to receive a lump sum distribution without entering a written agreement to secure repayment as specified in the plan.

41. Denies each and every allegation contained in paragraph 41 of the Amended Complaint and avers that, under the terms of the defined benefit pension plan (as amended 2001), Plaintiff is not eligible to receive a lump sum distribution without entering a written agreement to secure repayment as specified in the plan.

42. Denies each and every allegation contained in paragraph 42 of the Amended Complaint.

### SEVENTH CLAIM FOR RELIEF

43. Incorporates the responses made to paragraphs 1 to 42 of the Amended Complaint as if fully set forth herein.

44. Avers that the allegations contained in paragraph 44 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 44 contains factual allegations, Defendant admits that it maintains a defined benefit pension plan (as amended 2001), the content of which speaks for itself.

45. Avers that the allegations contained in paragraph 45 of the Amended Complaint state a legal conclusion to which no response is required. Notwithstanding the foregoing, to the extent that paragraph 45 contains factual allegations, Defendant denies each and every allegation set forth in paragraph 45 of the Amended Complaint.

46. Denies each and every allegation set forth in paragraph 46 of the Amended Complaint.

47. Denies each and every allegation contained in roman numerals (i) to (iii) contained in the WHEREFORE clause of the Amended Complaint and further denies that Plaintiff is entitled to the requested relief or any relief whatsoever.

### FIRST AFFIRMATIVE DEFENSE

48. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, release and/or accord and satisfaction.

### FOURTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, by the parole evidence rule, the

statute of frauds or failure of consideration.

### SEVENTH AFFIRMATIVE DEFENSE

54.     Plaintiff has failed to exhaust his administrative and/or statutory remedies and procedures.

### EIGHTH AFFIRMATIVE DEFENSE

55.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged reliance upon alleged an representation by Defendant was unjustified and/or insubstantial and/or not to Plaintiff's detriment.

### NINTH AFFIRMATIVE DEFENSE

56.     Plaintiff's claims are preempted by federal law, including ERISA, 29 U.S.C. § et seq.

### TENTH AFFIRMATIVE DEFENSE

57.     Any application and/or interpretation of any pension or benefit plan was not arbitrary or capricious.

WHEREFORE, Defendant respectfully requests that this Court:

    a.     Dismiss the Amended Complaint, with prejudice;

    b.     Award Defendant its costs and disbursements associated with this action, including reasonable attorneys' fees; and

    c.     Award Defendant such other and further relief as determined by this Court.

Dated: New York, New York
       April 14, 2008

                        Respectfully submitted,

                        McDERMOTT WILL & EMERY LLP

By: _____
                        Joel E. Cohen (JC 5312)
                        Katherine D. Kale (KK 7586)
                        340 Madison Avenue
                        New York, New York 10173
                        (212) 547-5400
                        *Attorneys for Defendant*

NYK 1155979-1.041332.0288