UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALESSANDRO GAJANO,

                Plaintiff,                              **NOTICE OF CROSS-
MOTION**

      - against -                              Case No. 08-CV-0161 (MGC)

NORDDEUTSCHE LANDESBANK GIROZENTRALE,


                Defendant.
-------------------------------------------------------------------X

       PLEASE TAKE NOTICE, that upon the annexed Affidavit of Mark E. Goidell, Esq., duly

sworn to on the 25th day of April, 2008, Plaintiff's Memorandum of Law in Support of the Cross-

Motion for Leave to File Jury Demand and in Opposition to the Defendant's Motion to Strike Jury

Demand, and all prior proceedings had herein, the plaintiff will move this Court, to be held in and for

the United States District Court, Southern District of New York, at the United States Courthouse, 500

Pearl Street, New York, New York, on a date and time to be determined by the Court, for an Order

(i) granting leave to plaintiff to file a jury demand pursuant to Fed. R. Civ. P. 39(b) and 81(c), and

(ii) for such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
        April 25, 2008

Yours, etc.

Law Office of Mark E. Goidell

_____
By: Mark E. Goidell, Esq. (MEG-4786)
Attorneys for Plaintiff
377 Oak Street, Suite 101
Garden City, New York 11530
(516) 683-0001
Fax: (516) 222-1094

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALESSANDRO GAJANO,

                    Plaintiff,                                   **AFFIDAVIT**

      - against -                                    Case No. 08-CV-0161 (MGC)

NORDDEUTSCHE LANDESBANK GIROZENTRALE,

                    Defendant.
-------------------------------------------------------------------------X

STATE OF NEW YORK    )
                             ) ss.
COUNTY OF NASSAU    )

       MARK E. GOIDELL, Esq., being duly sworn, deposes and states the following to be true under penalty of perjury:

1.     I am the attorney for the plaintiff in the above-captioned matter, and as such, I am fully familiar with the material facts and circumstances stated herein.

2.     This Affidavit is submitted in support of the plaintiff's cross-motion for leave to file a jury demand and in opposition to the defendant's motion to strike the jury demand, and specifically, to dispute two erroneous factual allegations contained in the Defendant's Memorandum of Law in Support of its Motion to Strike Plaintiff's Demand for a Jury Trial ("Defendant's Memorandum of Law").

3.     On page 2 of the Defendant's Memorandum of Law, defendant mistakenly asserts that at the March 6, 2008 initial conference, "the Court left open the possibility that it would still consider a demand for a jury trial, provided that such demand be promptly made. Yet despite the Court's unequivocal instruction in this regard, Plaintiff *again* let the ten-day period expire

without demanding a jury trial." (emphasis supplied).

4.  At the March 6, 2008 initial conference, the Court indeed expressed its opinion that plaintiff may have waived his right to demand a jury trial. In sum and substance, plaintiff's counsel disagreed, and stated that he would examine that issue.

5.  Upon my return to my office, I read Fed. R. Civ. P. 81(c)(3) ("Rule _"), and believed that because New York courts do not require an express jury demand until after all discovery is complete, that no demand was required to be filed and served in this matter. At no time during the March 6, 2008 initial conference, to my recollection, was plaintiff directed to file a jury demand within a ten-day or any other specific time period.

6.  On pages 3-4 of Defendant's Memorandum of Law, defendant incorrectly alleges that the purpose of the filing of the Amended Complaint was "an attempt to circumvent the ten-day limitation period set forth in Rule 38(b), as further evidenced by the fact that he captioned the pleading 'Demand for Trial by Jury' on the ECF docket."

7.  Your affiant is neither that clever nor deceitful. In fact, because of my reading of Rule 81(c)(3), I did not examine Rule 38 until I received and reviewed the defendant's motion papers. The filing of the Amended Complaint was totally unrelated to the motive attributed to me by the defendant, and merely corrected the factual allegations regarding the plaintiff's pension benefits, for which I mistakenly alleged in the original Complaint that plaintiff had previously submitted claim documents to defendant or the plan administrator. I notified the defendant's attorney of the limited corrections in the amended pleading by cover letter dated March 31, 2008, annexed hereto as Exhibit "A".

8.  I filed the Amended Complaint on the ECF docket as a Demand for Trial by Jury because I

was unable to locate a description for "Amended Complaint" under the "Initial Pleadings and Service" or "Other Filings" choices, and believed that the document was required to be filed electronically.

9.      Attached hereto as Exhibit "B" are true and correct copies of the unreported cases cited in Plaintiff's Memorandum of Law in Support of the Cross-Motion for Leave to File Jury Demand and in Opposition to the Defendant's Motion to Strike Jury Demand.


WHEREFORE, it is respectfully requested that the Court grant plaintiff's cross-motion for leave to file a jury demand, deny the defendant's motion to strike jury demand, and direct such other and further relief as it may deem just and proper.


_____/s/_____
Mark E. Goidell

Sworn to before me this 25th
day of April, 2008



_____
Notary Public