UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALESSANDRO GAJANO,

                Plaintiff,

   - against -                                  Case No.: 08-CV-0161
                                                 (MGC)

NORDDEUTSCHE LANDESBANK GIROZENTRALE,

                Defendant.
-------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE CROSS-MOTION FOR LEAVE TO FILE JURY DEMAND AND IN OPPOSITION TO THE DEFENDANT'S MOTION TO STRIKE JURY DEMAND**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

COMBINED PRELIMINARY STATEMENT AND STATEMENT OF FACTS . . . . . . . . . . . . . . 1

ARGUMENT

       PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE
       A JURY DEMAND IN THIS REMOVED ACTION BECAUSE
       THE CASE IS OF A TYPE TYPICALLY TRIED TO A JURY,
       THE PARTIES HAVE NOT BEEN OPERATING UNDER
       THE BELIEF THAT THERE WOULD BE A BENCH
       TRIAL, AND THE DEFENDANT WOULD NOT BE
       UNDULY PREJUDICED THEREBY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

**STATUTES**

Fed. R. Civ. P. 38, 81 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*


**FEDERAL CASES**

Avne Systems, Ltd. v. Marketsource Corp., 191 F.R.D. 56 (S.D.N.Y. 2000) . . . . . . . . . . . -3-, -4-

Baker v. Amtrak Corporation, 163 F.R.D. 219 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . -3-


Cascone v. Ortho Pharm. Corp., 702 F.2d 389 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . -3-

CPH International, Inc. v. Phoenix Assurance Company of New York, 1993 WL 485356 (S.D.N.Y., November 24, 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Higgins v. Boeing Co., 526 F.2d 1004 (2d Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Marvel Entertainment Group, Inc. v. ARP Films, Inc., 116 F.R.D. 86 (S.D.N.Y. 1987) . . . . . -3-, -4-

Perelman v. Camp Androscoggin Jr.-Sr., Inc., 2008 WL 199475 (S.D.N.Y., January 22, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Reliance Electric Company v. Exxon Capital Corporation, 932 F.Supp. 101        (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-, -4-

South African Airways v. Tawail, 658 F. Supp. 889 (S.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . -5-

Thompson v. Beth Israel Medical Center, 1998 WL 689937 (S.D.N.Y., October 2, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-

Turkenitz v. Metromotion, Inc., 1997 WL 773713 (S.D.N.Y., December 12, 1997) . . . . . . . . -3-

### COMBINED PRELIMINARY STATEMENT AND STATEMENT OF FACTS

This Memorandum of Law is respectfully submitted by the plaintiff in support of his cross-motion seeking leave to file a jury demand, and in opposition to the defendant's motion to strike the jury demand.

Plaintiff commenced this action seeking damages for breach of contract and related claims in the Supreme Court of the State of New York, New York County, on December 19, 2007. Defendant removed the action to this Court on January 8, 2008, and filed its Answer on January 15, 2008. Concededly, plaintiff did not file a jury demand within the ten-day period of time required by Fed. R. Civ. P. 38(b) ("Rule _"), because plaintiff's counsel believed that no such demand was required to preserve plaintiff's jury trial rights under the provisions of Rule 81(c).

An initial conference was held on March 6, 2008. No discovery demands have been served by either party, and there have been no depositions scheduled.

Plaintiff filed and served an Amended Complaint containing an express jury demand on March 31, 2008. The Amended Complaint corrected a factual error in the allegations concerning the submission of claim documents for defendant's pension benefits.

Defendant moves to strike the jury demand under Rule 38(b). Plaintiff cross-moves for leave to file a jury demand.

Defendant's motion must be denied because it is predicated exclusively on the provisions of Rule 38(b) without regard to those of Rule 81, which permits plaintiff in this "gray area" case under the discretionary factors applied by courts within the Second Circuit leave to file a jury demand.

## <u>ARGUMENT</u>

**PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE A JURY DEMAND IN THIS REMOVED ACTION BECAUSE THE CASE IS OF A TYPE TYPICALLY TRIED TO A JURY, THE PARTIES HAVE NOT BEEN OPERATING UNDER THE BELIEF THAT THERE WOULD BE A BENCH TRIAL, AND THE DEFENDANT WOULD NOT BE UNDULY PREJUDICED THEREBY**

Rule 81(c)(3) governs jury demands in removed cases, and addresses three situations: "A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal.  **If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.**  The court must so order at a party's request and may so order on its own. A party who fails to make a demand when so ordered waives a jury trial." (emphasis added).

The primary issues in this case involve the highlighted language of Rule 81(c)(3) - whether New York state law requires an express demand for a jury trial.[1]  These issues have been frequently addressed by courts within the Second Circuit, and almost uniformly when faced with similar circumstances, leave has been granted to plaintiffs to file jury demands.

The most recent decision was by Senior District Judge Conner in <u>Perelman v. Camp Androscoggin Jr.-Sr., Inc.</u>, 2008 WL 199475 (S.D.N.Y., January 22, 2008), a personal injury action commenced in New York State Supreme Court and then removed to federal court without a jury demand being timely filed.  As in many decisions before <u>Perelman</u>, the Court addressed Rule 81(c)

---

[1] Although not expressed by defendant, its assertion that the Court, during the March 6, 2008 initial conference, directed plaintiff to file a jury demand within ten days may be read as a request to strike the jury demand under the "specified time" provisions of Rule 81(c)(3).  No such direction was made by the Court, however, and defendant has not predicated its motion on this ground.

as it applies to cases originating in New York State Supreme Court: "It is well recognized in this circuit that the practice of making a jury demand in New York courts 'falls within a gray area not covered by Rule 81(c).'", *quoting* Cascone v. Ortho Pharm. Corp., 702 F.2d 389, 391 (2d Cir. 1983). Perelman, at * 2.  Judge Conner then outlined the procedure in the Supreme Court of the State of New York for demanding a jury trial, whereby a jury demand contained in a note of issue is filed following the conclusion of discovery, and providing courts with broad discretion to request a jury trial even after the note of issue is filed.   *Id.*   "The Second Circuit has instructed that this discretionary standard should be read into Rule 81.", *citing* Higgins v. Boeing Co., 526 F.2d 1004, 1007 (2d Cir. 1975).  *Id.*

The standard applied in the determination whether to grant an untimely jury demand in a removed action is a three-part test: "(1) whether the case is of a type ordinarily tried to a jury; (2) whether the parties have been operating under the assumption that there would be a bench trial; and (3) whether the nonmoving party consents to the demand and, if not, whether that party would be unduly prejudiced if the court were to grant a jury trial." *Id.*, at * 3.

The identical analysis has been applied by the district judges within the Second Circuit.  *See* Avne Systems, Ltd. v. Marketsource Corp., 191 F.R.D. 56, 57 (S.D.N.Y. 2000); Thompson v. Beth Israel Medical Center, 1998 WL 689937, at * 2-3 (S.D.N.Y., October 2, 1998); Turkenitz v. Metromotion, Inc., 1997 WL 773713, at *5-7 (S.D.N.Y., December 12, 1997); Reliance Electric Company v. Exxon Capital Corporation, 932 F.Supp. 101, 102-103 (S.D.N.Y. 1996); Baker v. Amtrak Corporation, 163 F.R.D. 219, 221 (S.D.N.Y. 1995); CPH International, Inc. v. Phoenix Assurance Company of New York, 1993 WL 485356, at * 1-2 (S.D.N.Y., November 24, 1993); Marvel Entertainment Group, Inc. v. ARP Films, Inc., 116 F.R.D. 86, 88 (S.D.N.Y. 1987).

In <u>Perelman</u>, the court determined that because the case was a personal injury case, which are usually tried to juries, "[a]pplication of the first factor is straightforward and favors plaintiffs." <u>Perelman</u>, at * 3. The same determination has been made with respect to breach of contract and related claims. <u>Avne Systems, Ltd.</u>, 191 F.R.D. at 57 (commercial contract claim); <u>Turkenitz</u>, at * 6 (breach of contract and related claims); <u>Reliance Electric Company</u>, 932 F.Supp. at 103 (claims for breach of contract and breach of the duty of good faith and fair dealing); <u>CPH International, Inc.</u>, at * 2 (breach of contract claim); <u>Marvel Entertainment Group, Inc.</u>, 116 F.R.D. at 88 (breach of contract).

Application of the second and third factors in this case are also straightforward and strongly favor plaintiff. In <u>Perelman</u>, the parties litigated for one year in federal court before plaintiff filed the motion seeking leave for a jury demand, but never took any action or refrained from acting in reliance on its assumption that there would be a bench trial. <u>Perelman</u>, at * 1, * 3. In <u>Thompson</u>, where the motion was brought after discovery was completed, the court found that the "defendants in this case do not allege that they proceeded differently with discovery on the assumption that the case would be tried before a judge, or that their preparation of the case against the plaintiff has been prejudiced in any way." <u>Thompson</u>, at * 3. In <u>Turkenitz</u>, plaintiff stated her intention to request a jury trial during a pre-trial conference, so that the "defendants were aware that the case might be tried to a jury, and had to take that possibility into account in conducting discovery. . . . [¶] Third, as to what is clearly the most significant *Higgins* factor, defendants here have not identified any demonstrable prejudice they will suffer if this case is tried to a jury." <u>Turkenitz</u>, at * 7. Just as in the case at bar, the plaintiff's motion was made prior to discovery in <u>Reliance Electric Company</u>, 932 F.Supp. at 103: "Second, because the proceedings are at an early stage and discovery has not begun,

-4-

there is no indication that either party concluded that the trial would proceed as a bench or jury trial, or made any decisions based on that assumption.  Finally, and most significantly, the defendants provide no indication whatsoever that they would be prejudiced by the granting of plaintiffs' jury demand."

All of the cases relied upon by defendant were decided under Rule 38(b), and with one exception, none were actions that were removed from state court to federal court.  That singular exception is <u>South African Airways v. Tawail</u>, 658 F. Supp. 889, 891-892 (S.D.N.Y. 1987), where the defendant removed the case from state to federal court, and then belatedly filed a jury demand more than eight months following the removal.  The equities did not favor any accommodation for the removing party under those unique circumstances.

Here, all of the equities strongly favor the plaintiff.  The case is typically one that is tried to a jury; the plaintiff believed that the case would be tried to a jury, and defendant was aware of that belief; and the case is at such an early stage that no credible claim of undue prejudice can be made by defendant, who has neither acted nor refrained from acting in reliance on any assumption that the case would be tried by a judge without a jury.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that plaintiff's cross-motion for

leave to file a jury demand be granted, that defendant's motion to strike the jury demand be denied,

and for such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
April 25, 2008

Respectfully submitted,

Law Office of Mark E. Goidell

_____/s/_____
By:  Mark E. Goidell, Esq. (MEG-4786)
Attorneys for Plaintiff
377 Oak Street, Suite 101
Garden City, New York 11530
(516) 683-0001