UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ALESSANDRO GAJANO,

|  |  |
|---|---|
| Plaintiff, | **AFFIDAVIT** |
| - against - | Case No. 08-CV-0161 (MGC) |

NORDDEUTSCHE LANDESBANK GIROZENTRALE,


Defendant.
-------------------------------------------------------------------X

| STATE OF NEW YORK | ) |
|---|---|
|  | ) ss. |
| COUNTY OF NASSAU | ) |

MARK E. GOIDELL, Esq., being duly sworn, deposes and states the following to be true under penalty of perjury:

1.      I am the attorney for the plaintiff in the above-captioned matter, and as such, I am fully familiar with the material facts and circumstances stated herein.

2.      This Affidavit is submitted in support of the plaintiff's cross-motion for leave to file a jury demand and in opposition to the defendant's motion to strike the jury demand, and specifically, to dispute two erroneous factual allegations contained in the Defendant's Memorandum of Law in Support of its Motion to Strike Plaintiff's Demand for a Jury Trial ("Defendant's Memorandum of Law").

3.      On page 2 of the Defendant's Memorandum of Law, defendant mistakenly asserts that at the March 6, 2008 initial conference, "the Court left open the possibility that it would still consider a demand for a jury trial, provided that such demand be promptly made. Yet despite the Court's unequivocal instruction in this regard, Plaintiff *again* let the ten-day period expire

without demanding a jury trial." (emphasis supplied).

4.     At the March 6, 2008 initial conference, the Court indeed expressed its opinion that plaintiff may have waived his right to demand a jury trial. In sum and substance, plaintiff's counsel disagreed, and stated that he would examine that issue.

5.     Upon my return to my office, I read Fed. R. Civ. P. 81(c)(3) ("Rule _"), and believed that because New York courts do not require an express jury demand until after all discovery is complete, that no demand was required to be filed and served in this matter. At no time during the March 6, 2008 initial conference, to my recollection, was plaintiff directed to file a jury demand within a ten-day or any other specific time period.

6.     On pages 3-4 of Defendant's Memorandum of Law, defendant incorrectly alleges that the purpose of the filing of the Amended Complaint was "an attempt to circumvent the ten-day limitation period set forth in Rule 38(b), as further evidenced by the fact that he captioned the pleading 'Demand for Trial by Jury' on the ECF docket."

7.     Your affiant is neither that clever nor deceitful. In fact, because of my reading of Rule 81(c)(3), I did not examine Rule 38 until I received and reviewed the defendant's motion papers. The filing of the Amended Complaint was totally unrelated to the motive attributed to me by the defendant, and merely corrected the factual allegations regarding the plaintiff's pension benefits, for which I mistakenly alleged in the original Complaint that plaintiff had previously submitted claim documents to defendant or the plan administrator. I notified the defendant's attorney of the limited corrections in the amended pleading by cover letter dated March 31, 2008, annexed hereto as Exhibit "A".

8.     I filed the Amended Complaint on the ECF docket as a Demand for Trial by Jury because I

was unable to locate a description for "Amended Complaint" under the "Initial Pleadings and Service" or "Other Filings" choices, and believed that the document was required to be filed electronically.

9.    Attached hereto as Exhibit "B" are true and correct copies of the unreported cases cited in Plaintiff's Memorandum of Law in Support of the Cross-Motion for Leave to File Jury Demand and in Opposition to the Defendant's Motion to Strike Jury Demand.

WHEREFORE, it is respectfully requested that the Court grant plaintiff's cross-motion for leave to file a jury demand, deny the defendant's motion to strike jury demand, and direct such other and further relief as it may deem just and proper.

_____
Mark E. Goidell

Sworn to before me this 25th
day of April, 2008

_____
Notary Public

Jeffrey L. Catterson
Notary Public, State of New York
No. 02CA6023019
Qualified in Suffolk County
Commission Expires April 12, 20 11

-3-

Exhibit A

# Law Office of Mark E. Goidell, Esq.

377 Oak Street, Suite 101
Garden City, New York 11530
Tel: (516) 683-0001
Fax: (516) 222-1094
mgoidell@optonline.net

March 31, 2008

Katherine D. Kale, Esq.
McDermott Will & Emery LLP
340 Madison Avenue
New York, New York 10173

Re:    Gajano v. Norddeutsche Landesbank Girozentrale
       Case No. 1:08-CV-0161 (MGC)

Dear Katherine,

Enclosed please find the plaintiff's Amended Complaint in the above-referenced matter. The only changes are in paragraphs 40 and 41, and a demand for a jury trial has been added.

Very truly yours,

Mark E. Goidell

encl.

Exhibit B

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1993 WL 485356 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1993 WL 485356)**

Page 1

**H**
CPH Intern., Inc. v. Phoenix Assur. Co. of New York
S.D.N.Y.,1993.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
CPH INTERNATIONAL, INC., Plaintiff,
v.
PHOENIX ASSURANCE COMPANY OF NEW
YORK and British Airways, PLC, Defendant(s).
**No. 92 Civ. 2729 (SS).**

Nov. 24, 1993.

OPINION AND ORDER

SOTOMAYOR, District Judge.
*1 Plaintiff CPH International, Inc. ("CPH") moves
pursuant to Fed.R.Civ.P. 81(c), for an order grant-
ing its request for a jury trial of this breach of con-
tract and tort action against Defendants Phoenix
Assurance Company of New York ("Phoenix") and
British Airways, PLC ("British Air"). For the reas-
ons discussed below, CPH's motion is GRANTED.

BACKGROUND

On or about March 27, 1992, CPH commenced this
lawsuit in New York state court. Pursuant to 28
U.S.C. § 1441, British Air removed this action to
this Court on or about April 14, 1992. British Air
served its answer to plaintiff's complaint on April
27, 1992 and Phoenix served its answer on May 21,
1992.

Prior to removal, CPH had not filed a demand for a
jury trial, nor did the defendants request a jury trial
in their respective answers. During a September 17,
1993 scheduling conference, I inquired whether the
action would be tried before a jury. Counsel for
CPH responded affirmatively, but British Air and
Phoenix countered that CPH had waived its right to
a jury trial under Fed.R.Civ.P. 38(d). Admitting her

unfamiliarity with federal practice rules, plaintiff's
counsel requested additional time to research
whether CPH had waived its right, and if not, to
submit a motion on the issue. CPH subsequently
filed this motion on September 22, 1993, arguing
that Fed.R.Civ.P. Rule 81(c), in conjunction with
N.Y.Civ.Prac.L. & R. § 4102(e) (McKinney 1992),
permits a jury trial demand at this stage of the pro-
ceedings.

DISCUSSION

Federal Rule of Civil Procedure 38(b) requires
parties desiring a jury trial to file a written demand
"not later than 10 days after the service of the last
pleading directed to such issue." Failure to do so
results in waiver of the right. Fed.R.Civ.P. 38(d).
However, courts have broad discretion to grant un-
timely requests under Federal Rule of Civil Proced-
ure 39(b), which provides, in relevant part, that
"notwithstanding the failure of a party to demand a
jury in an action in which such demand might have
been made of right, the court in its discretion upon
motion may order a trial by a jury of any or all is-
sues."

CPH does not discuss Rule 39(b), but instead ar-
gues that Federal Rule Civil Procedure 81(c) en-
titles it to a jury trial. While Rule 81(c) directly ad-
dresses jury trial demands in removed cases, its
reach is limited to three specific situations, none of
which apply here: where (1) all required pleadings
have been served prior to removal; (2) a party has
requested a jury trial in accordance with state pro-
cedural rules prior to removal; or (3) state law does
not require express demands for jury trials.[FN1]
*Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d
389, 391 (2d Cir.1983).

Ostensibly arguing that this case falls within the
third situation, CPH notes that New York Civil
Practice Rule § 4102(a) does not require parties to
request a jury until the filing of a note of issue.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                    Page 2
Not Reported in F.Supp., 1993 WL 485356 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1993 WL 485356)**

which is a notice of trial readiness that can not be filed before the conclusion of discovery. Thus, although New York Civil Practice Rule § 4102(a) allows parties to demand a jury trial late in the proceedings, it does not make such a demand unnecessary. *Cascone,* 702 F.2d at 391 (New York law does not automatically grant jury trials). New York practice falls within a "gray area" not covered by Rule 81(c). *Id.; Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir.1975). Because Rule 81(c) fails to address the precise procedure followed in New York, the discretionary remedy set forth in Rule 39(b) provides the proper avenue of relief in this case. *Cascone,* 702 F.2d at 392.

*2 In deciding whether to exercise discretion under Rule 39(b), courts have been more lenient towards untimely demands in cases removed from state court, particularly where (1) the action is typically the type of case tried before a jury; (2) state law would have allowed a jury trial demand late in the proceedings; (3) the parties have proceeded on the assumption that the case would be tried before a jury; and (4) the party opposing the jury trial request would suffer no prejudice if the action were tried by a jury. *E.g., id.* at 392-93; *Higgins,* 526 F.2d at 1007; *Heller v. Delta Air Lines, Inc.,* No. 92 Civ. 1937, 1993 WL 330093 at *2, 1993 U.S.Dist. LEXIS 11854, at *7 (S.D.N.Y. Aug. 24, 1993); *Sichel v. National R.R. Passenger Co.,* No. 91 Civ. 1753, 1993 WL 15459, at *2, 1993 U.S.Dist. LEXIS 238, at *5 (S.D.N.Y. Jan. 8, 1993); *Sinnott v. NCR Corp.,* No. 91 Civ. 5885, 1992 WL 142050, at *1-2, 1992 U.S.Dist. LEXIS 8448, at *4 (S.D.N.Y. June 10, 1992).FN2

On balance, these factors weigh in favor of plaintiff's jury trial request. First, the claims at issue here, sounding in tort and breach of contract, are commonly heard by juries. *See Marvel Entertainment Group, Inc. v. Arp Films, Inc.,* 116 F.R.D. 86, 88 (S.D.N.Y.1987) (breach of contract claims often heard by juries); *Sichel,* 1993 WL 15459, at *2, 1993 U.S.Dist. LEXIS 238, at *6 (negligence claims in personal injury suits typically tried before

jury). Second, had this case remained in New York state court, CPH would not have been required to demand a jury trial until the case was ready for trial. *See*N.Y.Civ.Prac.L. & R. § 4102(a) (McKinney 1992) (state law does not require any express time for the filing of a demand by a note of issue); *Higgins,* 526 F.2d at 1007. Indeed, despite this permissive standard, New York procedural rules further authorize state courts to grant untimely jury trial requests "if no undue prejudice to the rights of another party would result". N.Y.Civ.Prac.L. & R. § 4102(e).

Finally, although it claims to have anticipated a bench trial in this action, Phoenix has not identified any action that it undertook or failed to undertake based on this expectation. Indeed, Phoenix does not claim that it would be prejudiced by a jury trial of this action, asserting instead that the absence of prejudice does not warrant a favorable exercise of discretion. However, a defendant's longstanding reliance on a bench trial mandates denial of an untimely jury demand only if, as a result of such reliance, such defendant had prepared its case so differently "that it would be unduly prejudiced by the prospect of a trial by jury". *Unger v. Cunard Line, Inc.,* 100 F.R.D. 472, 473 (S.D.N.Y.1984). Clearly, Phoenix's mere assertion that it anticipated a bench trial of this action "without any substantiation of how it has done anything differently or how it will be prejudiced" does not justify denial of plaintiff's motion. *Id.*FN3

I do not lightly condone ignorance of the Federal Rules of Civil Procedure. However, some leniency is appropriate where, as here, a defendant removed the action to federal court, and plaintiff's counsel misunderstood the proper means for demanding a jury in this forum which she did not select. *Cascone,* 702 F.2d at 392 (though court may not "overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some 'play in the joints' for accomodating a removed party who may not be as at ease in the new surroundings imposed upon him"). I recognize, as

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 3
Not Reported in F.Supp., 1993 WL 485356 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp., 1993 WL 485356)

have other courts, that "[b]ehind all of the proced-
ural rules and regulations lurks a hapless client who
bears no responsibility for this dilemma". *Landau v.
National R.R. Passenger Co.,* 97 F.R.D. 723, 725
(S.D.N.Y.1983). Thus, in the absence of even argu-
able prejudice to the defendants, I find plaintiff's
untimely demand excusable,[FN4] and accordingly
grant plaintiff's request for a jury trial of this ac- tion.

**\*3** SO ORDERED.

FN1. Rule 81(c) provides in pertinent part:

If at the time of removal all necessary
pleadings have been served, a party en-
titled to trial by jury under Rule 38 shall
be accorded it, if the party's demand
therefor is served within 10 days after
removal if the party is the petitioner, or
if not the petitioner within 10 days after
service on the party of the notice of fil-
ing the petition. A party who, prior to re-
moval, has made an express demand for
trial by jury in accordance with state
law, need not make a demand after re-
moval. If state law applicable in the
court from which the case is removed
does not require the parties to make ex-
press demands in order to claim trial by
jury, they need not make demands after
removal unless the court directs that they
do so within a specified time if they de-
sire to claim trial by jury.

FN2. Citing *Leve v. General Motors Corp.,*
248 F.Supp. 344, 346 (E.D.N.Y.1965),
Phoenix argues that discretionary relief un-
der Rule 39(b) is inappropriate absent a
showing of extraordinary circumstances.
However, the standard articulated in *Leve*
is at odds with the trend towards liberality
evinced in the Second Circuit's more re-
cent pronouncements regarding jury trial
demands in removed cases. Prior to its de-
cision in *Cascone,* the Second Circuit had

held that a district court's discretion under
Rule 39(b) was limited "to determining
whether the moving party's showing bey-
ond mere inadvertence [was] sufficient to
justify relief." *Noonan v. Cunard S.S. Co.,*
375 F.2d 69, 70 (2d Cir.1967). However,
the *Cascone* court narrowed *Noonan* 's
holding, advocating greater flexibility in
removed cases. The *Cascone* court stated
that "[i]n removed cases, the argument for
applying the rigid *Noonan* constraints on
the district court's discretion is simply not
as strong," where as here, the defendants,
not the plaintiff, removed the action to fed-
eral court. 702 F.2d at 392. In addition, the
court cited with approval Professors
Wright and Miller's view that district
courts approach untimely demands in re-
moved cases " 'with an open mind and an
eye to the factual situation in that particu-
lar case, rather than with a fixed policy
against granting the application or even a
preconceived notion that applications of
this kind are usually to be denied' ". *Id.,*
quoting 9 C. Wright & A. Miller, Federal
Practice & Procedure § 2334 at 116.

FN3. Nor does plaintiff's sixteen-month
delay in requesting a jury trial bar this mo-
tion, particularly since the parties were in-
volved in extensive settlement negotiations
before a magistrate for approximately 3
months during that period, and CPH made
its request before the completion of dis-
covery. *See Unger v. Cunard Line, Inc.,*
100 F.R.D. 472 (S.D.N.Y.1984) (plaintiff's
jury request granted although it was made
almost two years after the defendant's an-
swer had been served).

FN4. Phoenix's argument that the Case
Management Order precludes me from
granting plaintiff's motion is meritless.
While I certainly take the deadlines I set in
case management orders seriously, I

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                          Page 4
Not Reported in F.Supp., 1993 WL 485356 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1993 WL 485356)**


     clearly have the discretion to grant vari-
     ances from those deadlines.
S.D.N.Y.,1993.
CPH Intern., Inc. v. Phoenix Assur. Co. of New York
Not Reported in F.Supp., 1993 WL 485356
(S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Slip Copy                                                                                                    Page 1
Slip Copy, 2008 WL 199475 (S.D.N.Y.), 69 Fed.R.Serv.3d 1351
(Cite as: Slip Copy, 2008 WL 199475)

Perelman ex rel. Perelman v. Camp Androscoggin
Jr.-Sr., Inc.
S.D.N.Y.,2008.

United States District Court,S.D. New York.
Cory Eckstein PERELMAN by his parents and nat-
ural guardians Susan N. Eckstein PERELMAN and
Robert N. Perelman, M.D., Susan N. Eckstein
Perelman and Robert N. Perelman, M.D., individu-
ally, Plaintiffs,
v.
CAMP ANDROSCOGGIN JR.-SR., INC., Defend-
ant.
No. 06 Civ. 13020(WCC).

Jan. 22, 2008.

Weisfuse & Weisfuse, LLP, Martin H. Weisfuse,
Esq., of Counsel, New York, NY, for Plaintiffs.
Havkins Rosenfeld Ritzert & Varriale, LLP, Gregg
S. Scharaga, Esq ., of Counsel, New York, NY, for
Defendant.

### OPINION AND ORDER

CONNER, Senior District Judge.
*1 Plaintiffs Cory Eckstein Perelman ("Cory"), by
his parents and natural guardians Susan N. Eckstein
Perelman and Robert N. Perelman, and Susan N.
Eckstein Perelman and Robert N. Perelman, indi-
vidually (collectively, "plaintiffs") bring suit
against Camp Androscoggin Jr.-Sr., Inc.
("defendant" or "Camp Androscoggin") for negli-
gence. Cory was a camper at Camp Androscoggin
when he was seriously injured in a swimming acci-
dent. Plaintiffs allege that defendant negligently al-
lowed Cory and other campers to swim in unsafe
water and failed to properly supervise them.
Plaintiffs now move, pursuant to FED. R. CIV. P.
39(b) and 81(c), for leave to file a jury demand. For
the following reasons, the motion is granted.

### BACKGROUND

Cory, age fourteen, was a camper at Camp Andro-
scoggin in the summer of 2006. (Complt.¶¶ 1, 7.)
Camp Androscoggin is located in Wayne, Maine.
(Id. ¶ 3.) On July 31, 2006, the campers took a trip
to Tubby's restaurant, which is located next to Mill
Pond in Wayne. (Id. ¶¶ 7, 9.) When the group ar-
rived at Tubby's, the counselors allowed Cory and
the other campers to swim in Mill Pond. The
Wayne Village Dam (the "Dam") is located at one
end of Mill pond, and at the time in question, there
was water flowing from the pond over the Dam,
creating a strong current near the Dam. (Id. ¶¶ 10,
12-13.)While Cory was swimming, the current
swept him over the Dam, and in the resulting fall he
suffered serious physical injuries. (Id. ¶
21.)Plaintiffs allege that defendant knew or should
have known that there had been several incidents of
swimmers in Mill Pond being swept over the Dam
prior to Cory's injury; that defendant knew or
should have known that water from Mill Pond was
flowing over the Dam, creating strong currents and
making it dangerous to swim near the Dam; that de-
fendant failed to warn the campers not to swim near
the Dam and that defendant failed to supervise the
campers while they were swimming. (Id. ¶¶ 13-15,
18, 20.)

Plaintiffs brought suit in New York Supreme Court,
Westchester County, on October 11, 2006; defend-
ant filed aNotice of Removal on November 9, 2006.
The case was originally assigned to the Honorable
Stephen C. Robinson and then reassigned to this
Court on September 24, 2007. Plaintiffs did not
make a jury demand in state court before the re-
moval; they filed a motion for leave to do so in this
Court on November 6, 2007.

### DISCUSSION

Rule 38(b) provides that a party may demand a jury
trial by "(1) serving the other parties with a written
demand-which may be included in a pleading-no
later than 10 days after the last pleading directed to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the issue is served; and (2) filing the demand in accordance with Rule 5(d)." A party that fails to comply with the requirements of Rule 38(b) waives his right to a jury trial, FED. R. CIV. P 38(d), and there is no dispute here that plaintiffs' demand was untimely. Rule 39(b), however, allows a court, on motion, to order a jury trial on any issue for which a jury might have been demanded, even if a demand was not properly made.

**\*2** Rule 81(c)(3) governs jury demands in removed cases, and it covers three situations. If, before removal, a party demanded a jury trial in accordance with state law, that party need not renew the demand in the federal court. FED. R. CIV. P. 81(c)(3)(A). If applicable state law does not require an express jury demand, then a party need not make one after removal unless ordered by the court to do so within a specified period of time. *Id.* Finally, if all necessary pleadings were served before removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within ten days of filing a notice of removal or being served with a notice of removal filed by another party. *Id.* (c)(3)(B).

However, it is unclear how Rule 81(c)(3) applies to cases originating in New York Supreme Court. It is well recognized in this circuit that the practice of making a jury demand in New York courts "falls within a gray area not covered by Rule 81(c)."*Cascone v. Ortho Pharm. Corp.,* 702 F.2d 389, 391 (2d Cir.1983); *see also Thompson v. Beth Isr. Med. Ctr.,* 1998 U.S. Dist. LEXIS 15521, at \*3-4 (S.D.N.Y. Oct. 2, 1998); *Reliance Elec. Co. v. Exxon Capital Corp.,* 932 F.Supp. 101, 102 (S.D.N.Y.1996).N.Y. C.P.L.R § 4102(a) provides that a party may demand a jury trial by including the demand in a note of issue. The note of issue is "a notice of trial readiness that can not be filed before the conclusion of discovery."*CPH Int'l, Inc. v. Phoenix Assurance Co .,* 1993 U.S. Dist. LEXIS 16577, at \*4 (S.D.N.Y. Nov. 24, 1993); *see*N.Y. COMP.CODES R. & REGS. tit. 22 § 202.21 (2007). Thus, under New York law, a jury demand

may be made much later in the litigation than is allowed under the Federal Rules of Civil Procedure, but it does not make a demand unnecessary. *CPH Int'l,* 1993 U.S. Dist. LEXIS 16577, at \*4. Moreover, "unless undue prejudice would result, [New York] courts have broad discretion to grant a request for a jury trial that is filed even after the note of issue is filed."*Sinnott v. NCR Corp.,* 1992 WL 142050, at \*1 (S.D.N.Y. June 10, 1992) (Conner, J.); *see*N.Y.C.P.L.R. § 4102(e). The Second Circuit has instructed that this discretionary standard should be read into Rule 81. *See Higgins v.. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir.1975); *see also Reliance Elec,* 932 F.Supp. at 103;*Sinnott,* 1992 WL 142050 at \*2.

Defendant relies on *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967), which held that "mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)" and that "the area open to the judge's discretion has shrunk to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief."*Noonan,* however, was a case originally filed in federal court, *id.* at 69-70, and subsequent developments in the decisional law of this circuit have made clear that *Noonan*"has very limited application in the context of cases removed from state court."*Sinnott,* 1992 WL 142050 at \*2. The Second Circuit, though not overruling *Noonan,* limited it thus:

**\*3** Although not mentioned as a basis of the decision, the plaintiff who neglected to ask for a jury trial in *Noonan* had chosen to file the suit in federal court. In that setting, it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there.... Although we may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some "play in the joints" for accommodating a removed party who may not be as at ease in the new surroundings im-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2008 WL 199475 (S.D.N.Y.), 69 Fed.R.Serv.3d 1351
**(Cite as: Slip Copy, 2008 WL 199475)**

posed upon him. In removed cases, the argument for applying the rigid *Noonan* constraints on the district court's discretion is simply not as strong.

*Cascone,* 702 F.2d at 392. The result is that, although *Noonan* remains good law,[FN1]*see id.* at 393, its "strict general standard does not apply to cases that have been removed from state court."*Thompson,* 1998 U.S. Dist. LEXIS 15521, at *4; *see also Avne Sys., Ltd. v. Marketsource Corp.,* 191 F.R.D. 56, 57 (S.D.N.Y.2000) ("[I]n the case of removed actions greater leniency is accorded so as to take account of the vagaries of state practice and the unfamiliarity of many state court practitioners with federal practice."); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. L.E. Myers Co. Group,* 928 F.Supp. 394, 397 (S.D .N.Y.1996). Therefore, the fact that inadvertence is the only apparent explanation for the untimeliness of plaintiffs' demand does not end our inquiry.

> FN1. The Second Circuit recently cited *Noonan* in affirming the denial of a motion to file an untimely jury demand in a case originally brought in federal court. *See Westchester Day Sch. v. Vill. of Mamaroneck,* 504 F.3d 338, 357 (2d Cir.2007).

In deciding whether to grant an untimely jury demand, courts in this circuit apply a three-part test, considering: (1) whether the case is of a type ordinarily tried to a jury; (2) whether the parties have been operating under the assumption that there would be a bench trial; and (3) whether the non-moving party consents to the demand and, if not, whether that party would be unduly prejudiced if the court were to grant a jury trial. *See Nat'l Union Fire Ins.,* 928 F.Supp. at 397 (citing *Higgins,* 526 F.2d at 1007).

Application of the first factor is straightforward and favors plaintiffs: this is a personal injury case, and such cases are usually tried before juries. *See Cascone,* 702 F.2d at 392;*Higgins,* 526 F.2d at 1007;*Sinnott,* 1992 WL 142050 at *2.

The effect of the second factor is neutral. Defendant could, theoretically, have been operating under the assumption that there would be a bench trial until October 26, 2007, when it received plaintiffs' demand for a jury trial.[FN2] (*See* Def. Aff'm Opp. Mot. For Jury Trial ¶ 5.) But defendant does not claim to have made that assumption or to have taken any actions that would indicate it had done so. Therefore, this factor does not inform the inquiry.

> FN2. Any assumption made or persisted in between that time and the present would have been unjustified, and therefore not something the Court would weigh in defendant's favor, since it would necessarily have entailed the assumption that the Court would decide this motion in defendant's favor.

The third factor, the possibility of undue prejudice, weighs in favor of granting the motion. Defendant asserts that it would be prejudiced by allowing a jury demand at this point, but it does not explain how or why. (*See id.* ¶ 12.)Courts have denied motions to make an untimely jury demand where the opposing party has offered a compelling and specific explanation as to how a jury trial would be prejudicial; such explanations usually involve actions counsel did or did not take based on the assumption there would be a bench trial. *See, e.g., Espinosa v. Van Dorn Plastic Mach Co.,* 813 F.Supp. 252, 254 (S.D.N.Y.1993) (opposing counsel decided not to hire a certain kind of expert witness); *Richards v. Procter & Gamble Mfg. Co.,* 753 F.Supp. 71, 73 (E.D.N.Y.1991) (opposing counsel did not depose certain witnesses or retain an expert); *Elgarhi v. Dreis & Krump Mfg. Co.,* 131 F.R.D. 429, 430-431 (S.D.N.Y.1990) (opposing counsel offered detailed affidavits explaining the ways in which they relied on the assumption of a bench trial, including "abbreviated deposition" of a plaintiff, extensiveness of trial exhibits and decision not to hire an expert witness).

*4 What these and other cases denying late jury de-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

mands have in common is that the opposing party went "beyond mere conclusory affirmations of prejudice."*Elghari,* 131 F.R.D. at 430. Where, as here, a party fails to provide "any substantiation of how it has done anything differently or how it will be prejudiced," a court may properly grant leave to make an untimely demand. *Unger v. Cunard Line, Inc.,* 100 F.R.D. 472, 473-74 (S.D.N.Y.1984); *see also Nat'l Union Fire Ins.,* 928 F.Supp. at 398;*CPH Int'l,* 1993 U.S. Dist. LEXIS 16577, at *6-7 (granting the plaintiff's motion to file untimely demand where the defendant had "not identified any action that it undertook or failed to undertake" based on its assumption that there would be a bench trial).

Defendant relies on *Sloan v. Delta Air Lines, Inc.,* 1996 U.S. Dist. LEXIS 6604 (S.D.N.Y. May 16, 1996), a removed case in which the plaintiff failed to file a jury demand until shortly before the close of discovery. The court denied plaintiff's motion for leave to file an untimely demand, acknowledging that "[t]he defendants' articulation of their prejudice is so slight that it would ordinarily be an insufficient basis for denying the plaintiffs' request for a jury," but holding that, since "the plaintiffs have waited until discovery is virtually complete to press their request ... the defendants' claim of prejudice is sufficient."*Id.* at *6. The only indication of possible prejudice was the defendants' contention, offered "without elaboration, that the defendants conducted plaintiffs' depositions and selected their own medical expert under the belief that the case would not be tried before a jury."*Id.* at *5.

Although this case, like *Sloan,* involves an untimely jury demand made near the close of discovery,[FN3]*Sloan* is distinguishable. As "slight" as the defendants' showing of potential prejudice was in *Sloan,* it was still more specific than that of defendant here. The defendants in *Sloan* at least made a plausible (though somewhat vague) claim to have done certain things on the assumption that there would be a bench trial, and that they would have done things differently to prepare for a jury

trial. Defendant here has not informed the Court of anything it would have done differently if it had known all along there would be a jury trial; nor has it suggested a single way in which a jury trial would be unduly prejudicial. To the extent *Sloan* suggests that in some circumstances a pro forma, unspecified assertion of prejudice is sufficient to defeat a motion to file an untimely jury demand, we simply disagree. If an unsupported assertion were enough, the party opposing a Rule 39(b) motion would be guaranteed to have the issue of prejudice decided in his favor simply by saying the magic word. The prejudice factor would effectively be written out of the test. We do not believe that is the result the Second Circuit had in mind when it instructed district courts to consider the possibility of prejudice. *See Higgins,* 526 F.2d at 1007. After all, the *Higgins* court considered whether there was an actual possibility of prejudice, not whether the opposing party had alleged it. *See id.*

> FN3. Defendant received plaintiffs' Notice of Jury Demand on October 26, 2007. On October 31, counsel for both parties informed the Court that fact discovery was complete and that expertwitness discovery was still ongoing. At a pre-trial conference held on November 19, which was the discovery cut-off date, counsel asked the Court if it would object to Magistrate Judge Lisa M. Smith's extending discovery thirty days. The Court informed counsel that it had no objection.

### CONCLUSION

*5 For all of the foregoing reasons, plaintiffs' motion for leave to file a jury demand is granted.

SO ORDERED.

S.D.N.Y.,2008.
Pereiman ex rel. Pereiman v. Camp Androscoggin Jr.-Sr., Inc.
Slip Copy, 2008 WL 199475 (S.D.N.Y.), 69 Fed.R.Serv.3d 1351

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 199475 (S.D.N.Y.), 69 Fed.R.Serv.3d 1351
**(Cite as: Slip Copy, 2008 WL 199475)**


END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                    Page 1
Not Reported in F.Supp.2d, 1998 WL 689937 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 689937)**

**H**
Thompson v. Beth Israel Med. Center
S.D.N.Y.,1998.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Marjorie THOMPSON, Plaintiff,
v.
BETH ISRAEL MEDICAL CENTER, Dr. "Jane"
Sathaye, M.D., Dr. "Jane Doe", M.D., Dr. "John
Doe", M.D., Dr. "Jane" Patel, M.D., Dr. "Frank
Foe", M.D., City of New York, New York City
Transit Authority, Police Officer Garrett, Police Of-
ficer McGroder, Shield # 4707 and Police Officers
"Bob Boe" 1-7, Defendants.
**No. 96 Civ. 0509(RPP).**

Oct. 2, 1998.

Aaron David Frishberg, New York, NY, for Plaintiff.
Ohrenstein & Brown, LLP, New York, NY, By:
Christopher B. Hitchcock, for Beth Israel, Defend-
ants.
Michael D. Hess, Corporation Counsel of the City
of new York, New York, NY, By: Jeffrey S.
Dantowitz, for City, Defendants.

OPINION AND ORDER

PATTERSON, J.
*1 This is an action for damages alleging false ar-
rest and imprisonment, medical malpractice, and
federal civil rights violations. Plaintiff moves for
leave to file a late jury demand pursuant to Rule
39(b) or Rule 81(c) of the Federal Rules of Civil
Procedure. For the reasons set forth below,
plaintiff's motion is granted.

*Background*

This case arises from the alleged involuntary hos-
pitalization of plaintiff at Beth Israel Medical Cen-
ter between May 21, 1993 and May 27, 1993.
(Am.Compl.¶¶ 8, 12.) By summons filed August

19, 1994, plaintiff commenced a *prose* action in
New York State Supreme Court against those she
claimed were responsible for her detention and
transport to the hospital: the City of New York and
the New York City Transit Authority (collectively
"the municipal defendants"). Plaintiff hired Aaron
David Frishberg as her attorney in November 1995,
and shortly thereafter brought a parallel suit in
State court against the Beth Israel Medical Center
and several of its physicians (collectively "the Beth
Israel defendants"). (Frishberg Aff. ¶¶ 3,4.) The
Beth Israel defendants removed the action against
them to federal court on January 24, 1996, and
plaintiff consolidated the two parallel actions into a
single federal action by amending the complaint
against the Beth Israel defendants to include the
claims against the municipal defendants. The
amended complaint is dated February 21, 1996.

Plaintiff does not dispute that there was no jury de-
mand in the original actions filed in State court, the
amended complaint filed in federal court, or the
further amended complaints that were served on
two of the defendants to correct their identities.
(Pl.'s Mem. in Supp. at 2; Pl.'s Reply Mem. at 2).

Plaintiff's counsel states that he first became aware
of his failure to request a jury in October 1997,
when counsel for the Beth Israel defendants pointed
out in oral argument over defendants' motions for
summary judgment that plaintiff had not demanded
a jury trial. (Pl.'s Mem. in Supp. at 2.) Plaintiff
brought this motion for leave to file a late jury de-
mand eight months later, on June 30, 1998.

*Discussion*

By waiting to file the demand for a jury until long
after the prescribed period had passed, plaintiff
waived her initial right to a jury. A party desiring a
jury trial must file a written demand no more than
10 days after service of the last pleading related to
the issue for which a jury trial is sought, and failure

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 689937 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 689937)**

Page 2

to act within this time constitutes a waiver of the right to a jury. *See* Fed.R.Civ.P. 38(b). However, the Court does possess discretion to grant relief from such a waiver under Rule 39(b) of the Federal Rules of Civil Procedure. Within this Circuit, relief under Rule 39(b) may only be provided, though, to a party who proves that more than "mere inadvertance" lay behind the failure to make a timely request. *See Noonan v. Cunard S.S. Co.,* 375 F.2d 69, 70 (2d Cir.1967) (finding that "the area open to the judge's discretion" is deciding "whether the moving party's showing beyond mere inadvertance is sufficient to justify relief"); *Bonechi, S.R.L. v.. Irving Weisdorf & Co.,* No. 95 CIV. 4008(AGS), 1998 WL 337882, at *1 (S.D.N.Y. June 24, 1998) ("It is well established in the Second Circuit that counsel's 'mere inadvertence' in failing to make a timely jury demand does not provide a basis for relief under Fed.R.Civ.P. 39(b).") (citing *Noonan* ).

*2 Yet this strict general standard does not apply to cases that have been removed from state court. Rule 81(c) of the Federal Rules of Civil Procedure contains special provisions governing removed cases. The Rule contemplates three scenarios: (1) cases in which all "necessary pleadings" have been served at the time of removal; (2) cases in which a party has made an express demand for a jury prior to removal; and (3) cases in which state law does not require the parties to expressly demand trial by jury at any point in time. Fed.R.Civ.P. 81(c). In the third type of scenario, in which state law generously protects the right to trial by jury even when the parties make no express demand, Rule 81(c) grants the parties similar latitude in federal court: they need not specifically request a jury unless the court, on its own motion or the motion of a party, otherwise directs that any demand for a jury be made within a particular time period. *Id.*

Cases removed from New York State courts do not fit into any of the three categories mentioned by Rule 81(c), but instead fall into a "gray area" or "gray situation" not covered by the Rule. *See Cascone v. Ortho Pharm. Corp.,* 702 F.2d 389, 391 (2d

Cir.1983); *Higgins v. Boeing Co.,* 526 F.2d 1004, 1007 (2d Cir.1975); *Sinnott v. NCR Corp.,* No. 91 Civ. 5885(WCC), 1992 WL 142050, at *1 (S.D.N.Y. June 10, 1992). Although New York law does not entirely free parties from making an express demand for a jury, it does enable parties to demand a jury up until the filing of a "note of issue," which is filed when a case is fully prepared for trial and all discovery has been completed. *See* N.Y. C.P.L.R. 4102(a) (McKinney 1992) (linking the demand for a jury to the filing of a note of issue); 22 N.Y. Comp.Codes R. & Regs., tit. 22, § 202.21 (1998) (stating that a note of issue cannot be filed except in conjunction with a "certificate of readiness" which states that all pretrial proceedings, including discovery, have been completed). Moreover, even late jury demands that are received after the filing of a note of issue may be granted as long as there is no undue prejudice to the rights of another party. *See* N.Y. C.P.L.R. 4102(e) (McKinney 1992). This latitude granted to litigants approaches, but does not precisely match, the third situation contemplated by Rule 81(c), in which state law "does not require the parties to make express demands in order to claim trial by jury." Fed.R.Civ.P. 81(c).

The Second Circuit has held that even though New York law falls outside the third category of Rule 81(c), the leniency of New York State law should nevertheless be incorporated into federal practice. *See Cascone,* 702 F.2d at 392 (New York practice "serve[s] as background against which we evaluate the limits of discretion entrusted to the district judge"); *Higgins,* 526 F.2d at 1007 ("We think this discretionary right [to a late jury demand under the more permissive New York standard] must be read into the language of Rule 81(c); it comports also with Rule 39(b)."). Whether New York law is read into Rule 81(c), as suggested by *Higgins,* or incorporated into Rule 39(b), as suggested by *Cascone,* FN1 it is proper to approach the plaintiff's untimely demand for a jury trial with liberality and due regard for the practice of New York State, from which this case was removed, rather than with the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                              Page 3
Not Reported in F.Supp.2d, 1998 WL 689937 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 689937)**

restrictive approach recommended by cases such as *Noonan.*[FN2]

> FN1.*Compare* *Higgins,* 526 F.2d at 1007 (stating that leniency must be "read into the language of Rule 81(c)") *with* *Cascone,* 702 F.2d at 392 (applying the "mere inadvertence" standard of Rule 39(b), while at the same time holding that the *Higgins* method of analysis determines whether this standard is satisfied). Lower courts have disagreed about the rubric under which these cases should be decided. *Compare* *Sherwood Apartments v. Westinghouse Elec. Corp.,* 101 F.R.D. 102, 103 (W.D.N.Y.1984) ("Whether this case is to be tried by jury is controlled by Fed.R.Civ.P. rule 81(c) rather than by rule 39(b).") *with* *Espinosa v. Van Dorn Plastic Mach. Co.,* 813 F.Supp. 252, 254 ("[T]he issue before the Court is whether to exercise its discretion under Rule 39(b) and grant defendant a jury trial ....") *and* *Corinthian Media, Inc. v. Putnam,* 845 F.Supp. 143, 145 (S.D.N.Y.1994) (making alternative argument that Rule 39(b)"must be read in conjunction with Rule 81(c)").

> FN2.*Galella v. Onassis,* 487 F.2d 986 (2d Cir.1973), the only Second Circuit case to apply the restrictive *Noonan* approach to a removed case, has been superseded by *Higgins.* *See* *Cascone,* 702 F.2d at 392 n. 2 (noting that the *Galella* opinion "did not discuss all the elements later reviewed in *Higgins,* " and indicating that the *Higgins* analysis should guide future cases).

**\*3** The Second Circuit has highlighted three factors that should largely govern the consideration of late jury demands in cases removed from New York State courts. The *Higgins* court enumerated these factors as follows: first, whether the case is of a type "traditionally triable by jury"; second, whether the parties have been proceeding on the assumption that the case would be tried by a jury; and third,

whether granting trial by jury would result in prejudice to the defendants. *See* 526 F.2d at 1007. These factors were highlighted by the Second Circuit again in *Cascone,* *see* 702 F.2d at 392, and have been applied by numerous lower courts. *See, e.g.,* *Turkenitz v. Metromotion, Inc.,* 97 Civ. 2513(AJP)(LGK), 1997 WL 773713, at *5- *7 (S.D.N.Y. Dec. 12, 1997); *Corinthian Media, Inc. v. Putnam,* 845 F.Supp. 143, 145-46 (S.D.N.Y.1994); *Espinosa v. Van Dorn Plastic Mach. Co.,* 813 F.Supp. 252, 254 (S.D.N.Y.1993); *Sinnott v. NCR Corp.,* No. 91 Civ. 5885(WCC), 1992 WL 142050, at *2 (S.D.N.Y. June 10, 1992); *Marvel Entertainment Group, Inc. v. Arp Films, Inc.,* 116 F.R.D. 86, 88 (S.D.N.Y.1987).

An evaluation of the three *Higgins* factors leads the Court to grant plaintiff's request for leave to file a jury demand. The case at bar is based on constitutional analogues to the torts of false arrest, false imprisonment and medical malpractice, as well as those torts themselves. Such matters are traditionally tried by juries. *See* *Landau v. National R.R. Passenger Corp.,* 97 F.R.D. 723, 725 (S.D.N.Y.1983) (granting late demand for jury when plaintiff alleged that he had been wrongfully detained and beaten by police officers and maliciously charged with disorderly conduct and loitering). The defendants in this case do not allege that they proceeded differently with discovery on the assumption that the case would be tried before a judge, or that their preparation of the case against the plaintiff has been prejudiced in any way. *Cf.* *Elgarhi v. Dreis & Krump Mfg. Co.,* 131 F.R.D. 429, 430 (S.D.N.Y.1990) (denying late jury demand when defendants demonstrated that they would be "substantially prejudiced"). The fact that plaintiff delayed making this motion after learning of his failure to file a jury demand is not dispositive. Such delay is relevant only to the extent that it produces undue prejudice, *see* *Sherwood Apartments v. Westinghouse Elec. Corp.,* 101 F.R.D. 102, 104 (W.D.N.Y.1984), and in the case at bar defendants do not allege that they have detrimentally relied on the prospect of a bench trial during the months of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 1998 WL 689937 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 1998 WL 689937)**

Page 4

delay. Moreover, under Rule 81(c) defendants could have moved the Court at any point in time to direct that all jury demands be made within a specified time period. *See Turkenitz,* 1997 WL 773713, at *8; *Sherwood,* 101 F.R.D. at 104. The balance of the *Higgins* factors weighs in favor of granting the plaintiff's request for a jury.

It is not material that the municipal defendants were added to the case after it had been removed from state court. *See Espinosa,* 813 F.Supp. at 254 (relying on Rule 81(c) and fact that case had been removed from state court to grant jury trial of third party action, even though third party complaint, unlike original complaint, had been filed initially in federal court). Nor is it decisive whether or not plaintiff's counsel has experience in the federal courts. *See Sinnott,* 1992 WL 142050, at *2 (rejecting argument that federal court experience of plaintiff's counsel is enough to defeat plaintiff's late jury demand); *Czenszak v. Director, Church Wardens and Vestrymen of Trinity Church in City of New York,* 871 F.Supp. 201, 204 (S.D.N.Y.1994) (granting late jury demand when all factors weighed in favor of grant except for extensive federal experience of moving counsel).[FN3] Plaintiff's error arose because of the removal of this case from state court, which has different requirements for the making of jury demands. (Frishberg Aff. ¶ 13.) The Court considers this mistake to fall within the ambit situations covered by *Higgins,* and plaintiff is therefore granted leave to file a demand for a jury.

> FN3. While the *Cascone* court did refer to the inexperience of plaintiff's counsel in the federal courts when it upheld the district court's grant of a late jury demand, it did not state that such inexperience was a necessary element of the decision to grant relief. *See* 702 F.2d at 392-93.

*4 In the interests of efficiency and justice the Court orders that the cross-claims between defendants also be tried by jury. Because trial by jury might lead to prejudice because of the scope of discovery and trial preparation undertaken with re-

spect to the cross-claims to date, the parties may apply for an extension of time to complete discovery with respect to the cross-claims if application is made before October 16, 1998.

IT IS SO ORDERED.

S.D.N.Y.,1998.
Thompson v. Beth Israel Med. Center
Not Reported in F.Supp.2d, 1998 WL 689937 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp., 1997 WL 773713)

Page 1

C

Turkenitz v. Metromotion, Inc.
S.D.N.Y.,1997.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
Carmela TURKENITZ, Plaintiff,
v.
METROMOTION, INC., et al., Defendants.
No. 97Civ.2513(AJP)(JGK).

Dec. 12, 1997.

OPINION AND ORDER

PECK, Magistrate J.
*1 In this breach of contract and fraud action, removed from state court, plaintiff Carmela Turkenitz waited until virtually the eve of trial to formally seek a jury trial. Nevertheless, because defendants have not identified any prejudice from allowing Turkenitz's belated jury demand, the Court is constrained to allow it.

Turkenitz's belated motion to amend her complaint, however, will not be permitted. Turkenitz was aware of the facts behind her proposed new claim when she brought her complaint, and there is no reason she did not assert it originally. Moreover, if the amendment were allowed, defendants would be entitled to reopen discovery to explore these new facts and claim, thus delaying trial of this action, which is scheduled for next month.

Accordingly, for the reasons set forth below, Turkenitz's belated request for a jury trial is granted, but her motion to amend her complaint is denied.

**FACTS**

On February 5, 1997, plaintiff Carmela Turkenitz sued defendants Metromotion, Inc., Michael Chianti and Marc Chianti in New York Supreme Court. The complaint alleged that in September 1992, de-

fendants asked Turkenitz to purchase on credit a motorhome for use in Metromotion's business, and promised to make the payments on the motorhome and give Turkenitz a 25% ownership interest in Metromotion. (Cplt.¶ 10.) The complaint further alleged that Turkenitz bought the motorhome and gave it to defendants, but that defendants did not make the payments nor give Turkenitz a 25% interest in Metromotion. (Cplt.¶¶ 11-14.) The complaint asserted claims for breach of contract (Cplt.¶ 14), damage to Turkenitz's credit rating (Cplt.¶¶ 20, 31), unjust enrichment (Cplt.¶¶ 23-24), and fraud (Cplt.¶¶ 26-29). The complaint sought damages of $500,000 on each count. (Cplt. ¶¶ 16, 21, 24, 29 & 32.)

In early April 1997, defendants removed the action to this Court and filed an answer.

On July 1, 1997, after a pretrial conference, Judge Koeltl issued a scheduling order that, *inter alia,* (1) provided that no new parties or claims could be asserted after July 18, 1997, (2) no procedural motions could be filed after September 26, 1997, (3) set dates for the close of discovery and submission of the proposed pretrial order, and (4) on the parties consent, referred the case to me pursuant to 28 U.S.C. § 636(c). (7/1/97 Koeltl Order.) Judge Koeltl's order further provided that "[p]laintiff should promptly move, if necessary, for a jury trial." (*Id.* )

At a status conference before me on September 12, 1997, the following colloquy took place concerning Turkenitz's desire for a jury trial:

THE COURT: ... This is, unless my memory is wrong, a bench trial, correct?

MR. NEIMAN [Plaintiff Turkenitz's counsel]: Here's the problem with that, Judge. We wanted a jury trial. The Court directed in the ... [July 1 scheduling] order, that plaintiff forthwith make a jury demand. In regard to that, we had forwarded an

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp., 1997 WL 773713)

amended complaint to [defense] counsel which had a jury demand in it. Counsel rejected that amended complaint....

*2 There was a miscommunication between [my partner] Mr. Shakarchi and myself as to who was then handling the making of a motion regarding the amended complaint. Nonetheless, the defendant was at that point put on notice-

THE COURT: The question isn't notice. The question is did you comply with Judge Koeltl's scheduling order which gave you until July 18th to amend the pleadings.

MR. NEIMAN: To that extent, the amendment wasn't filed but the amendment was forwarded to the adversary.

THE COURT: The court goes on what was filed. But let me follow through with this because for the jury-if there is a jury trial, although it may well be much too late on that under the Federal Rules let alone Judge Koeltl's scheduling order....

(9/12/97 Tr. at 7-8.)

On October 1, 1997, the parties appeared before the Court again for a status conference. Since plaintiff Turkenitz still had not filed a motion for a jury trial or for leave to amend, the following colloquy took place:

THE COURT: ... Just remind me of one thing: Are we jury or nonjury on this trial?

MR. KELLY [Defense Counsel]: That is the subject of a continuing dispute. There was an original application that I made that the first conference before Judge Koeltl that plaintiff had not complied with Rule 81, that this case was removed in state court. Judge Koeltl ordered that plaintiff file a motion for jury demand by July 18.

Plaintiff served an amended complaint with a jury demand without consulting either the court or myself, but they were beyond the time in which to serve as of right. I rejected the amended complaint and the jury demand as not in compliance with the federal rules and at our last conference Mr. Neiman [[[[[plaintiff's counsel] who appeared brought the issue up, and your Honor on the record made certain statements regarding your doubts as to whether or not plaintiff would be entitled to a jury, portions of which I included in my September 23 letter to the plaintiffs which I cc'd the court, which plaintiff again tried to serve a jury demand without motion or otherwise, so defendants' position is that it's not a jury trial, but it remains a ruling of the court.

THE COURT: Mr. Shakarchi?

MR. SHAKARCHI [Plaintiff Turkenitz's counsel]: Yes, your Honor, originally we did serve the defendant with the amended complaint and jury demand. I don't have on record anything here that states about the date where I have to file a motion for a jury demand.

MR. KELLY: I will show it to you. It's in Judge Koeltl's original order.

MR. SHAKARCHI: When we spoke on a conference call, I thought we said-he just informed us, he informed the plaintiff, me, that I should demand a jury trial as soon as possible.

MR. KELLY: I show this to you. This is Judge Koeltl's scheduling order, which reads, essentially the handwritten order-

THE COURT: If it's the same order I have got from him, it's just that plaintiff should promptly move if necessary for a jury trial.

*3 MR. SHAKARCHI: Yes.

MR. KELLY: But there was reference in the court's order on September 23-

THE COURT: I understand. All right. Let's cut through this. If you want a jury, Mr. Shakarchi, I don't know whether you are going to get it or not, but you are not going to get it if it's not briefed in

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                        Page 3
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 773713)**

front of me, and the more you keep waiting, the less likely it is that I am going to grant the motion. So what's going on? Are we moving for a jury, or are you going to drop it?

MR. SHAKARCHI: No, I'm going to move for a jury trial.

THE COURT: ... [I]f you want to make the motion, make it, but I expect you to do the work on laying out why you should be relieved from the time limits both of Rule 81 and also Rule 16 which, although Judge Koeltl did not put a fixed date on it, "prompt" does not mean three to four months later.

...

How soon can you get that motion in?

MR. SHAKARCHI: What I will do is I will-it is something that I want to contemplate about in the next few days, but if it will be filed, it will be filed within the next two weeks.

THE COURT: All right.... The Court hereby orders that if you do not move by October [15] for a jury trial, there will be no jury trial....

....

[U]nder the Federal Rules, [the previously served without leave amended complaint is] a nullity, and as part of Mr. Shakarchi's motion due two weeks from today for a jury trial, if he wants to resurrect anything in that [[[[[proposed] amended complaint, he should do so. That is to say he needs to move not only for a jury trial on its own right, but if he wants the [proposed] amended complaint to stand, whether it's a bench trial or jury trial matter, he needs to move under Rule 15 of the Federal Rules of Civil Procedure for leave to serve that.

(10/1/97 Tr. at 9-12, 16.)

On October 10, 1997, Turkenitz finally moved for leave to amend and for a jury trial, "nunc pro tunc." (Pl.'s Notice of Motion at 1.) The proposed

amended complaint seeks to add a new "cause of action, that of unjust enrichment based upon the failure of the defendants to compensate plaintiff for her secretarial and clerical services that she performed for defendants without pay from September 1992 through December 1992, which was withheld from plaintiff and was to be further compensation for the 25% ownership in defendant corporation." (Shakarchi Aff. ¶ 7; *see id.* Ex. C: Proposed Amended Cplt. ¶¶ 27-29.) [FN1]

> FN1. In another example of plaintiff's counsel's attention to this case, his affidavit refers to September 1992 to December 1992, while the proposed amended complaint refers to the two-year period of September 1992 to September 1994. (*Compare* Shakarchi Aff. ¶ 7 *with id.* Ex. C, ¶ 21.)

**ANALYSIS**

**I. PLAINTIFF TURKENITZ'S BELATED RE-QUEST FOR A JURY TRIAL IS GRANTED BECAUSE DEFENDANTS CAN SHOW NO PREJUDICE**

Jury trial rights in federal court are governed by Rules 38 and 39 of the Federal Rules of Civil Procedure. Rule 38 provides:

(b) **Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

**\*4** ....

(d) **Waiver.** The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                    Page 4
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 773713)**

Fed.R.Civ.P. 38(b), (d). Rule 39(b) gives the Court some discretion to relieve a party from its failure to timely demand a jury:

(b) **By the Court.** Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Fed.R.Civ.P. 39(b).

Caselaw in this Circuit, however, limits the scope of a court's discretion to grant an untimely jury demand under Rule 39(b). In *Noonan v. Cunard S.S. Co.,* 375 F.2d 69, 70 (2d Cir.1967) (Friendly, J.), the Second Circuit held that a mere inadvertent failure to make a timely jury demand is not an adequate basis for Rule 39(b) discretionary relief. *Accord, e.g., Cascone v. Ortho Pharm. Corp.,* 702 F.2d 389, 392-93 (2d Cir.1983); *Richards v. Procter & Gamble Mfg. Co.,* 753 F.Supp. 71, 74 (E.D.N.Y.1991) ("It is well settled in this Circuit that mere inadvertence is not a sufficient ground for the exercise of the Court's discretion under Rule 39(b)," citing *Noonan); Berger v. Goodyear Tire & Rubber Co.,* 83 F.R.D. 114, 115 (S.D.N.Y.1979) (quoting *Noonan*); 8 James Moore, *Moore's Federal Practice* § 39.3 1[5][b][i] at 39-55 & n. 34 (1977) ("[T]he Second Circuit Court of Appeals has noted that, except in removal cases, the insufficiency of mere inadvertence is so well settled that it has become a 'gloss upon the Rule.' ").

"Special provisions" of the Federal Rules of Civil Procedure apply to cases removed from state court. *Cascone v. Ortho Pharm. Corp.,* 702 F.2d at 391. Rule 81(c), Fed.R.Civ.P., governs the time period for filing a jury demand after removal, in three distinct situations:

[1] If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. [2] A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. [3] If state law applicable in the court from which the case is removed does not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury. The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. *The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.*

*5 Fed.R.Civ.P. 81(c) (emphasis & bracketed material added).

Here, defendants did not answer until after removal; thus, all necessary pleadings were not served in state court before removal. Cases removed from New York courts before all pleadings are served do not fall within the situations contemplated by Rule 81(c). *E.g., Cascone v. Ortho Pharm. Corp.,* 702 F.2d at 391; *Higgins v. Boeing Co.,* 526 F.2d 1004, 1006-07 (2d Cir.1975); *Lervag v. National R.R. Passenger Corp.,* 94 Civ. 7672, 1996 WL 76128 at *1 (S.D.N.Y. Feb.21, 1996); *Liriano v. Hobart Corp.,* 162 F.R.D. 453, 454-55 (S.D.N.Y.1995); *Berger v. Goodyear Tire & Rubber Co.,* 83 F.R.D. at 115.

Indeed, the Second Circuit recognizes that "the practice in New York falls within a gray area not covered by Rule 81(c)". *Cascone v. Ortho Pharm. Corp.,* 702 F.2d at 391 (citing *Higgins v. Boeing Co.,* 526 F.2d at 1006-07 ("Unfortunately the law of New York as to the necessity of demanding jury trial is not clear, or at least not fixed.")); *accord, e.g., Reliance Elec. Co. v. Exxon Capital Corp.,* 932 F.Supp. 101, 103 (S.D.N.Y.1996); *National Union Fire Ins. Co. v. L.E. Myers Co. Group.* 928 F.Supp. 394, 397 (S.D.N.Y.1996); *Corinthian Me-*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                    Page 5
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 773713)**

*dia, Inc. v. Putnam,* 845 F.Supp. 143, 144-45 (S.D.N.Y.1994). Under New York CPLR § 4102(a), "[a]ny party may demand a trial by jury of any issue of fact triable of right by a jury, by serving upon all other parties and filing a note of issue containing a demand for trial by jury." As the Second Circuit has commented, "[n]o time for the notice [of issue] is specified." *Cascone v. Ortho Pharm. Corp.,* 702 F.2d at 391. Thus, " 'the decision as to whether or not a case should be tried by a jury need not be made in New York state courts until a case is actually ready for trial ....' " *Id.*

In addition, CPLR § 4102(e) gives New York courts broad discretion to grant late requests for a jury: "The court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result." CPLR § 4102(e).

In *Higgins v. Boeing Co.,* the Second Circuit addressed the effect of CPLR § 4102(e) on removed cases, holding:

We think this discretionary right [set forth in CPLR 4102(e) ] must be read into the language of Rule 81(c); it comports also with Rule 39(b). The framers of Rule 81(c), taking into account the clear cut situations where state law either requires a demand or not, did not expressly consider the gray situation here present where state law permits discretionary relief. *We think that in this situation the Rule compels the exercise of sound district court discretion ....*

526 F.2d at 1007 (emphasis added).[FN2] The Second Circuit in *Higgins* identified three factors which would allow the district court on remand to allow a "late" request for a jury trial. *Id.* First, whether the case is of a type "traditionally triable by jury"; in *Higgins,* the case was a personal injury action "and hence traditionally triable by jury." *Id.* Second, the parties' assumptions as to whether the case would be tried to a jury; in *Higgins,* both parties had proceeded under the assumption that the case would be tried to a jury. *Id.* Third, prejudice to

the non-movant; in *Higgins,* a jury trial would not prejudice the defendant because the defendant did not indicate any opposition when the case was put on the jury calendar. *Id.* Accord, e.g., *Reliance Elec. Co. v. Exxon Capital Corp.,* 932 F.Supp. at 103; *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 928 F.Supp. at 397; *Lervag v. National R.R. Passenger Corp.,* 1996 WL 76128 at *2; *Baker v. Amtrak Corp.,* 163 F.R.D. 219, 221 (S.D.N.Y.1995); *Liriano v. Hobart Corp.,* 162 F.R.D. at 455; *Czenszak v. Director, Church Wardens & Vestrymen of Trinity Church,* 871 F.Supp. 201, 203 (S.D.N.Y.1994); *Corinthian Media, Inc. v. Putnam,* 845 F.Supp. at 145; *CPH Int'l, Inc. v. Phoenix Assurance Co.,* 92 Civ. 2729, **1993 WL 485356** at *2 (S.D.N.Y. Nov.24, 1993); *Priestley v. American Airlines, Inc.,* 89 Civ. 8265, 1991 WL 19811 at *2 (S.D.N.Y. Feb.1, 1991).

> FN2. The Second Circuit explained that the more liberal *Higgins* rule is based in part on accommodating state court lawyers dragged unwillingly into the federal forum:
>
> > Although not mentioned as a basis of the decision, the plaintiff who neglected to ask for a jury trial in *Noonan* had chosen to file the suit in federal court. In that setting, it would not seem too exacting to expect that, having selected the forum, the plaintiff should be familiar with and abide by the procedures followed there.
>
> In *Higgins,* by contrast, the plaintiff originally filed in a state tribunal but was taken to a different jurisdiction, perhaps against his will, but, in any event, to a forum not of his choosing. Although we may not overlook lack of compliance with the federal procedural rules in removed cases, there is nonetheless some "play in the joints" for accommodating a removed party who may not be as at ease in the new surroundings imposed upon him. In removed cases, the argument for applying the rigid *Noonan* constraints on

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                Page 6
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 773713)**

the district court's discretion is simply not as strong.

> *Cascone v. Ortho Pharm. Corp.,* 702 F.2d at 392; *accord, e.g., Marvel Entertainment Group, Inc. v. Arp Films, Inc.,* 116 F.R.D. 86, 88 (S.D.N.Y.1987) (Weinfeld, D.J.).

**\*6** Subsequent cases make clear that the more flexible discretion standard derived from CPLR § 4102(e) should apply to removed actions in federal court only if the three *Higgins* factors, on balance, favor allowing a late jury demand; otherwise *Noonan's* more stringent Rule 39(b) standard applies. *See, e.g., Cascone v. Ortho Pharm. Corp.,* 702 F.2d at 392-93 ("We do not consign *Noonan* to overruled status. Its holding shall continue to govern cases where it is applicable."); *Reliance Elec. Co. v. Exxon Capital Corp.,* 932 F.Supp. at 103-04 ("Although mere inadvertence is usually not an adequate basis for allowing an untimely filing of a jury trial demand ... the decisional law following *Cascone* establishes that there is more flexibility where an action is removed to federal court.... Indeed, courts have routinely granted untimely jury demands following an application of the *Higgins* factors...."); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 928 F.Supp. at 397 (removed cases are governed by a separate line of cases which "provides a somewhat relaxed standard where removal has occurred"); *Czenszak v. Trinity Church,* 871 F.Supp. at 203 (all three *Higgins* factors need not be present if a "balance" of the factors favors grant of late jury trial); *Richards v. Procter & Gamble Mfg. Co.,* 753 F.Supp. at 74 (late jury demand caused by counsel's "inadvertence and ignorance of the Federal Rules" in removed case denied, where defendant proceeded in discovery and trial preparation in belief case would not be tried to a jury); *Elgarhi v. Dreis & Krump Mfg. Co.,* 131 F.R.D. 429, 430 (S.D.N.Y.1990) ("The rule which the Second Circuit has settled upon is that: 'the district court's discretion [to grant this motion] is exercisable only where there are special circum-

stances excusing the untimely demand.' " Motion denied where defendants submitted specific affidavits as to how they proceeded in discovery on the assumption the case would not be a jury trial); *Torchia v. Proctor & Gamble Prods., Inc.,* 89 Civ. 2589, 1989 WL 126065 at \*1 (S.D.N.Y. Oct.13, 1989) ("*Higgins*... required more than merely showing that a case was removed in order for the court to grant a jury trial."); *Van Zandt v. Uniroyal, Inc.,* 529 F.Supp. 482, 484 (W.D.N.Y.1982) (CPLR § 4102(e) "operates to broaden the discretion of the district court pursuant to Rule 39(b) in cases removed from State Supreme Court"; where no prejudice to defendant, late request for jury will be allowed); *Berger v. Goodyear Tire & Rubber Co.,* 83 F.R.D. at 116 (liberal CPLR § 4102(e)*Higgins* standard applied where defendant not prejudiced by late jury demand).

Here, the *Higgins* factors justifying use of the broader CPLR § 4102(e) discretionary standard are present and, therefore, Turkenitz is entitled to a jury trial despite her (and her counsel's) inexcusable delay.

First, Turkenitz's simple breach of contract claim (and related claims), like the personal injury claim in *Higgins,* is traditionally tried to a jury. Indeed, Judge Weinfeld has held that "since such [breach of contract] actions are commonly heard by juries, there is no reason to presume that [plaintiff] contemplated a bench trial." *Marvel Entertainment Group, Inc. v. Arp Films, Inc.,* 116 F.R.D. 86, 88 (S.D.N.Y.1987); *see also, e.g ., Reliance Elec. Co. v. Exxon Capital Corp.,* 932 F.Supp. at 103 (applying *Higgins* factors, "breach of contract [is] a legal claim traditionally tried to a jury"); *Corinthian Media, Inc. v. Putnam,* 845 F.Supp. at 145 (same); *CPH Int'l, Inc. v. Phoenix Assurance Co.,* 1993 WL 485356 at \*2 (same).

**\*7** Second, because Turkenitz stated her intention to request a jury trial throughout the pre-trial process, defendants were aware that the case might be tried to a jury, and had to take that possibility into account in conducting discovery. *See, e.g., Liriano*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp., 1997 WL 773713)

*v. Hobart Corp.*, 162 F.R.D. at 455 (this criteria "somewhat ambiguous" where defendant was aware from discussions at court conferences that plaintiff intended to seek a jury trial, but may have assumed from plaintiff's delay in making a formal motion that plaintiff would not seek a jury trial); *Marvel Entertainment Group, Inc. v. Arp Films Inc.,* 116 F.R.D. at 87 (plaintiff's filing of jury demand, although "late," was early enough in the case to have put defendant on notice).

Third, as to what is clearly the most significant *Higgins* factor, defendants here have not identified any demonstrable prejudice they will suffer if this case is tried to a jury. In the absence of such prejudice, even an untimely jury demand usually will be permitted in removed cases. *See, e.g., Reliance Elec. Co. v. Exxon Capital Corp.,* 932 F.Supp. at 103 ("Any prejudice alleged must arise from the untimeliness of the jury demand and not simply from the possibility of a jury trial." Late jury demand allowed where no showing of prejudice to defendants); *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 928 F.Supp. at 398 (same); *CPH Int'l Inc. v. Phoenix Assurance Co.,* 1993 WL 485356 at *2 ("although [defendant] claims to have anticipated a bench trial in this action, [defendant] has not identified any action that it undertook or failed to undertake based on this expectation ... [[[[[and] does not claim that it would be prejudiced by a jury trial of this action.... [A] defendant's longstanding reliance on a bench trial mandates denial of an untimely jury demand only if, as a result of such reliance, such defendant had prepared its case so differently 'that it would be unduly prejudiced by the prospect of a jury trial.'"); *Marvel Entertainment Group, Inc. v. Arp Films, Inc.,* 116 F.R.D. at 88 (late jury demand in removed case permitted based on, *inter alia,* defendant's failure "to identify any demonstrable prejudice it would suffer from [plaintiff's] untimely jury demand"); *Catapano v. Western Airlines, Inc.,* 105 F.R.D. 621, 624 (E.D.N.Y.1985) (late jury demand allowed in personal injury case where no prejudice to defendant); *Van Zandt v. Uniroyal, Inc.,* 529 F.Supp. at 484

(late jury demand allowed because made early in discovery so no prejudice to defendant); *Sherwood Apartments v. Westinghouse Elec. Corp.,* 101 F.R.D. 102, 104 (W.D.N.Y.1984) ("the focus" of the *Higgins* -CPLR § 4102(e) discretion analysis "is blatantly on undue prejudice vel non"; untimely jury demand allowed because "delay is of no effect ... unless it works undue prejudice," and defendant had neither asserted nor shown undue prejudice); *Berger v. Goodyear Tire & Rubber Co.,* 83 F.R.D. at 116 (jury trial allowed where no prejudice to defendant); 8 James Moore, *Moore's Federal Practice* § 39.31[5][e][i] at 39-68 ("Prejudice, or the absence of prejudice, to the nonmoving parties tends to be a decisive factor in granting or denying a motion for a jury trial....").

*8 While defendants assert that "METROMOTION would be prejudiced since it has proceeded for six months on the assumption that this case would not be tried before a jury and has planned its strategy with that in mind" (Defs.' Br. at 9), such a conclusory assertion of prejudice is not sufficient. *See, e.g., Baker v. Amtrak Corp.,* 163 F.R.D. at 221; *Elgarhi v. Dreis & Krump Mfg. Co.,* 131 F.R.D. at 430; 8 James Moore, *Moore's Federal Practice* § 39.31 [[[[5][e][[ii] at 39-69 ("A party objecting to a motion for a jury trial on grounds of prejudice should show specific instances of the ways in which granting a jury trial will be prejudicial. This showing will usually take the form of an affidavit.... A mere generic claim of prejudice, unsupported by any specific, factual evidence, is usually insufficient to persuade the court that granting a jury trial will be prejudicial.").

Of course, this does not mean that parties, or the Court, in future cases removed from New York State court are at the mercy of dilatory plaintiffs. Rule 81(c) provides the easy remedy. The Court sua sponte or at a party's request can enter an order setting a specific date by which the parties must request a jury trial, pursuant to Rule 81(c). *See, e.g., Sherwood Apartments v. Westinghouse Elec. Corp.,* 101 F.R.D. at 104 (defendant "had a mitigating pro-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 773713)**

cedure available to it ... [since] rule 81(c)... permit[s] either party to request the federal court, to which removal has been had, to direct that the filing of any jury demand be made within a specified time frame [but defendant] made no such requests."); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure: Civil 2d* § 2319 at 146 ("it has been suggested that it would be desirable to give a direction of this kind [[[[that the parties demand a jury by a set date] to the parties in removed cases as a routine practice").

## II. *THE COURT DENIES PLAINTIFF TURK-ENITZ'S MOTION TO AMEND THE COMPLAINT TO ASSERT A NEW UNJUST ENRICHMENT CLAIM THAT COULD HAVE BEEN ASSERTED AT THE TIME OF THE ORIGINAL COMPLAINT*

Rule 15(a) of the Federal Rules of Civil Procedure instructs that "leave [[[[to amend] shall be freely given when justice so requires."

Analysis of any motion to amend starts with the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962):

Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given .'

**\*9** *Id.* at 182, 83 S.Ct. at 230 (citations omitted).

" 'Prejudice to the opposing party if the motion is granted has been described as the most important

reason for denying a motion to amend. Prejudice may be found, for example, when the amendment is sought after discovery has been closed.... Undue delay [and] bad faith ... are other reasons for denying a motion to amend.' " *Berman v. Parco*, 96 Civ. 0375, 1997 WL 726414 at \*22 (S.D.N.Y. Nov.19, 1997) (Peck, M.J.), quoting 1 M. Silberberg, *Civil Practice in the Southern District of New York* § 6.26, citing *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987); *State Teacher's Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981); *Bymoen v. Herzog, Heine, Geduld, Inc.*, 88 Civ. 1796, 1991 WL 95387 at \*1-2 (S.D.N.Y. May 28, 1991); *Priestley v. American Airlines, Inc.*, 89 Civ. 8265, 1991 WL 64459 at \*2 (S.D.N.Y. April 12, 1991) ("Insofar as the proposed claim is not predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable.... Undue prejudice warrants denial of leave to amend where the proposed claim will significantly increase the scope of discovery when the case is ready for trial").

" 'Delay in seeking leave to amend a pleading is generally not, in and of itself, a reason to deny a motion to amend. However, the Court may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay.... Leave to amend a complaint will generally be denied when the motion to amend is filed solely in an attempt to prevent the Court from granting a motion to dismiss or for summary judgement, particularly when the new claim could have been raised earlier.' " *Berman v. Parco*, 1997 WL 726414 at \*22, quoting 1 M. Silberberg, *Civil Practice in the Southern District of New York* § 6.26, citing, *inter alia, Bymoen v. Herzog, Heine, Geduld, Inc.*, 1991 WL 95387, and *Priestley v. American Airlines Inc.*, 1991 WL 64459.

For further discussion of the issues of prejudice and undue delay, *see generally*6 Wright, Miller & Kane *Federal Practice & Procedure: Civil 2d* §§

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                              Page 9
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 773713)**

88 ("Perhaps the most important factor listed by the [Supreme] Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading.... [A]lthough delay alone may not result in a denial of leave to amend, some courts have held that leave may be withheld if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no excuse for his failure to plead them."); 3 James Moore, *Moore's Federal Practice* § 15.15[1]-[3] (3d ed.1997).

Here, Turkenitz is guilty of undue and unexplained delay. First, an amendment to assert an additional unjust enrichment claim, based on factual circumstances not raised by the original complaint, would prejudice defendants because they would have to engage in additional discovery after the discovery period has closed, delaying the imminent trial date. Judge's Koeltl's scheduling order required Turkenitz to assert any additional causes of action by July 18, 1997. Turkenitz did not file this motion until October 10, 1997, the same day that discovery closed. Since the discovery cutoff would preclude defendants from exploring in discovery Turkenitz's proposed unjust enrichment claim (based on alleged non-payment for two years of her clerical services), an amendment to include such a claim would unduly prejudice defendants. *See, e.g., Bymoen v. Herzog, Heine, Geduld, Inc.,* 1991 WL 95387 at *2 ("the amendment would be particularly prejudicial where discovery has already been completed"); *Priestley v. American Airlines, Inc.,* 1991 WL 64459 at *2 ("Undue prejudice warrants denial of leave to amend where the proposed claim will significantly increase the scope of discovery when the case is ready for trial."); *Gonzalez v. St. Margaret's House Housing Dev. Fund Corp.,* 613 F.Supp. 60, 62 (S.D.N.Y.1985) (leave to amend denied where additional discovery would delay trial). Because Turkenitz's secretarial and clerical services were not an issue raised in any claim asserted in the original complaint, Turkenitz's argument (Pl.'s Br. at

1) that such an action is not prejudicial because it does not contain any "surprise" is frivolous. Defendants point out that in her interrogatory answer and deposition testimony, Turkenitz alleged that she worked at Metromotion from August 1992 to December 1992, while in her proposed amended complaint she seeks $100,000 for two years' service at Metromotion. (Defs.' Br. at 10-11.) Surely defendants would be entitled to explore these new, and contradictory, facts in discovery were the amendment permitted.

**\*10** Second, Turkenitz does not give any reason why her proposed unjust enrichment claim could not have been brought at the time of her original complaint. (*See generally* Pl.'s Br. & Shakarchi Aff .) In *Bouzo v. Citibank, N.A.,* this Court declined to permit the plaintiff to amend a breach of contract complaint to also raise related claims of fraud, negligent misrepresentation and negligent supervision, stating that "there does not appear to be any reason why these claims could not have been raised earlier." 88 Civ. 1446, 1995 WL 144825 at *8 (S.D.N.Y. March 31, 1995), *vacated on other grounds,* 96 F.3d 51, 60 (2d Cir.1996); *see also, e.g., Priestley v. American Airlines Inc.,* 1991 WL 64459 at *1-2 ("[L]eave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading.... Insofar as the proposed claim is not predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable."). Similarly, here, Turkenitz obviously knew the facts supporting her proposed amendment (*i.e.,* that she worked for Metromotion and was not paid) at the time she filed her original complaint. Thus, to allow Turkenitz to amend the complaint without a valid explanation for the delay would be unfair and unduly prejudicial to defendants because discovery has closed and the case is ready for trial. Turkenitz has offered no such explanation.

Third, not only could Turkenitz have brought the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1997 WL 773713)**

proposed new claim originally, but she is guilty of unexplained undue delay in filing her motion to amend. "[W]here a considerable period of time has passed between the filing of the complaint and the motion to amend, the burden is upon the movant to show some valid reason for the movant's neglect and delay." *Bymoen v. Herzog, Heine, Geduld, Inc.,* 1991 WL 95387 at *1; *see also, e.g., Ansam Associates., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) ("permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment."); *Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir.1976) (not abuse of discretion to deny leave to amend where plaintiff advanced no reason for the delay); *Berman v. Parco,* 1997 WL 726414 at *23-24 (amendment denied where it violated Rule 16 scheduling order deadline, and plaintiff was aware of claim before that deadline but did not move until close of discovery); *CL-Alexanders Laing & Cruickshank v. Goldfeld,* 739 F.Supp. 158, 166-67 (S.D.N.Y.1990) ("Where there has been excessive delay before seeking to serve the amended complaint, leave to do should be denied absent a convincing explanation for the delay.... When the motion is made after discovery has been completed ..., leave to amend is particularly disfavored because of the resultant prejudice to defendant.").

*11 Here, Turkenitz's counsel does not offer any reason for the delay. Judge Koeltl's scheduling order set July 18, 1997 as the deadline for Turkenitz to amend her pleadings. Turkenitz failed to comply with Judge Koeltl's deadline. *See, e.g., Berman v. Parco,* 1997 WL 726414 at *23 (amendment requested after scheduling order deadline is denied). Further, Turkenitz did not present a valid reason for the delay at any of the subsequent status conferences, nor do her motion papers offer any explanation for not having filed her motion to amend until October 10, 1997.

For all these reasons, Turkenitz's motion to amend

the complaint is denied.

### CONCLUSION

For the reasons set forth above: (1) plaintiff Turkenitz's motion for a jury trial is granted, and (2) plaintiff Turkenitz's motion to amend her complaint to belatedly assert a new claim that would require discovery to be reopened is denied.

### TRIAL DATE

Trial is scheduled for January 20, 1998 at 9:30 A.M.

SO ORDERED.

S.D.N.Y.,1997.
Turkenitz v. Metromotion, Inc.
Not Reported in F.Supp., 1997 WL 773713 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ALESSANDRO GAJANO,

                    Plaintiff,

                                                       Case No.: 1:08-CV-161
                                                       (MGC)

      - - against - -

NORDDEUTSCHE LANDESBANK GIROZENTRALE,

                    Defendant.

-----------------------------------------------------------------------X

NOTICE OF MOTION AND AFFIDAVIT OF MARK E. GOIDELL

Law Office of Mark E. Goidell, Esq.
Attorneys for Plaintiff
377 Oak Street, Suite 101
Garden City, New York 11530
(516) 683-0001
Fax: (516) 222-1094