UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
ALESSANDRO GAJANO,                    :

        Plaintiff,                    :    08-CV-0161 (MGC)

   -against-                         :    ECF CASE

NORDDEUTSCHE LANDESBANK               :
GIROZENTRALE,

        Defendant.
------------------------------------- X

**DEFENDANT'S MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S DEMAND
FOR A JURY TRIAL, AND IN OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR LEAVE TO FILE A JURY DEMAND**

**McDERMOTT WILL & EMERY LLP**
340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Defendant*

## TABLE OF CONTENTS

                                                                                                               **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ................................................................................................................................ 1

    PLAINTIFF HAS NOT SHOWN CIRCUMSTANCES NECESSARY TO
    JUSTIFY THE COURT'S DISCRETION AND, AS SUCH, IS NOT ENTITLED
    TO A JURY TRIAL ................................................................................................. 1

CONCLUSION ............................................................................................................................ 5

## PRELIMINARY STATEMENT

Defendant Norddeutsche Landesbank Girozentrale ("Defendant") respectfully submits this Reply Memorandum of Law in Further Support of its Motion to Strike plaintiff Alessandro Gajano's ("Plaintiff") Demand for a Jury Trial ("Motion"), and in opposition to his cross-motion for leave to file a jury demand ("Cross-Motion").[1] For the reasons set forth herein, this Court should grant Defendant's Motion and deny Plaintiff's Cross-Motion.

## ARGUMENT

### PLAINTIFF HAS NOT SHOWN CIRCUMSTANCES NECESSARY TO JUSTIFY THE COURT'S DISCRETION AND, AS SUCH, IS NOT ENTITLED TO A JURY TRIAL.

In opposing Defendant's motion to strike, Plaintiff argues that the Motion is predicated on the provisions of Federal Rules of Civil Procedure ("Rule _") 38(b) and 39(b) without regard to those of Rule 81(c), which specifically addresses removed actions. (Pl. Mem. 1.) To the contrary, Defendant is well aware that a number of courts within this circuit have addressed the question of untimely jury demands and resolved the issue differently depending on the circumstances of each case. These courts continue to analyze whether exercise of discretion is appropriate, even in the context of removed cases. See, e.g., Richards v. The Procter & Gamble Mfg. Co., 753 F. Supp. 71, 74 (E.D.N.Y. 1991); South African Airways v. Tawil, 658 F. Supp. 889, 891 (S.D.N.Y. 1987). Indeed, the only reason that any so-called leniency is afforded to parties in removed cases is on the theory that they are unfamiliar with the variances between

---

[1] Plaintiff has once again taken a curious procedural approach by filing a cross-motion seeking leave to file a jury demand. It is axiomatic that in the event this Court denies the Motion, the jury demand contained in the amended complaint will stand regardless of whether it was the appropriate procedural vehicle to make such demand. The Cross-Motion, therefore, is entirely superfluous and can only be viewed as improper attempt to file a sur-reply without seeking permission from this Court.

state and federal practice. Such reasoning is simply not present where, as is the case here, the Court explained such variances to Plaintiff's counsel and directed him to make a demand for a jury trial.

Plaintiff argues that the instant matter falls into the "gray area" of Rule 81(c) concerning removed actions and, therefore, that this Court should afford broad, virtually unlimited, discretion in allowing an untimely jury demand to be made. (Pl. Mem. 2-3.) In short, Plaintiff argues for an exception so large as to swallow the rule, especially in light of the events that have transpired in this case to date. It is true that the case at bar does not fit precisely into any of the categories contemplated by Rule 81(c), since at the time the case was removed all responsive pleadings had not been served. Nonetheless, Rule 81(c) does address the situation closest to the facts at hand -- one where the Court orders the parties to make a jury demand within a specified period of time. Fed. R. Civ. P. 81(c). To the extent Plaintiff's counsel attempts to argue that he was not ordered to make a jury demand, such argument is disingenuous at best.[2] (See Pl. Mem. n.1; Goidell Aff. ¶¶ 4-5.) Contrary to Plaintiff's counsel's gross mischaracterization, there can be no dispute that this Court clearly and unequivocally instructed him to promptly make a demand for a jury trial, the only caveat being that the Court did not specify the exact time frame within which such demand was to be made. (Goidell Aff. ¶¶ 4-5.) Nonetheless, it is wholly unreasonable for Plaintiff's counsel to infer from the Court's directive that he had any longer than

---

[2] Defendant vigorously disputes the accuracy of Plaintiff's counsel's affidavit wherein he states, "[t]he Court indeed expressed its opinion that plaintiff may have waived his right to demand a jury trial. In sum and substance, plaintiff's counsel disagreed, and stated that he would examine that issue." (Goidel Aff. ¶4.)

the ten-day period required by Rules 38(b) and 81(c) in which to make a jury demand.[3] As Plaintiff's counsel admits that he consciously chose to disregard the Court's order, there is simply no justification for any further allowances on his behalf. (See Goidell Aff. ¶5.)

Further, even under the three-factor analysis examined in the cases Plaintiff cites, he is still not entitled to a jury demand.[4] Regarding the first factor concerning whether the case is a type ordinarily tried to a jury, contract-related claims are frequently tried by judges and not juries. See South African Airways, 658 F. Supp. 889 at 891 (distinguishing commercial dispute from a claim for personal injuries, which is traditionally tied to a jury, in granting motion to strike jury demand). More importantly, Plaintiff does not even address the fact that three of the seven claims asserted in the amended complaint are ERISA claims for breach of fiduciary duty. Presumably, Plaintiff omits such discussion since it remains the rule in the Second Circuit that there is no right to a jury trial in a suit brought to recover ERISA benefits under § 502(a)(1)(B). See Peck v. Aetna Life Ins. Co., No. 04 Civ. 1139 (JCH), 2007 U.S. Dist. LEXIS 39913, at *3-4 (D. Conn. June 1, 2007), citing Sullivan v. LTV Aerospace and Def. Co., 82 F.3d 1251, 1258-59 (2d Cir. 1996). Accordingly, the first factor weighs in favor of striking Plaintiff's demand for a jury trial and denying the Cross-Motion for leave to make a demand.

---

[3] Indeed, the ten-day limit is meant to apply even to removed cases where all necessary pleadings were served before removal. Fed. R. Civ. P. 81(c).

[4] Notably, in Reliance Elec. Co. v. Exxon Capital Corp., a removed case cited by Plaintiff, the issue as to the timeliness of the jury demand arose at the parties' case management conference and the court invited the parties to brief the issue. 932 F. Supp. 101, 102 (S.D.N.Y. 1996). In Reliance, however, the plaintiffs' counsel sent defendants a letter the *very next day* indicating plaintiff's intent to file a demand for a jury trial. Id. (emphasis added). Here, Plaintiff took no action with respect to preserving his right to demand a jury trial for weeks after the Court instructed him to make a demand and never sought to clarify his intentions with Defendant.

The second factor, whether the parties have been operating under the assumption that there would be a bench trial, also weighs in favor of granting the Motion and denying the Cross-Motion. As noted above and in its initial memorandum, Plaintiff's original complaint did not contain a demand for a jury trial and since Plaintiff failed to follow the Court's March 6, 2008 directive to make a demand for a jury trial, Defendant has continued to operate on the assumption that there would be a bench trial. Moreover, Plaintiff's curious filing of the *nearly identically* amended complaint containing a jury demand on March 31, 2008 only served to further confuse this issue. Not until April 25, 2008 -- nearly four months after the original complaint -- did Plaintiff seek to properly address this issue. Additionally, the third factor, the possibility of undue prejudice, also militates in favor of granting the Motion. As a result of Plaintiff's inadvertence and blatant disregard of the Court's order, Defendant has been forced to seek clarity by filing the Motion.[5] Finally, it should be noted that Plaintiff fails to even address the remaining arguments set forth in Defendant's initial memorandum. (See Def. Mem. II and III.) Plaintiff ignores these arguments presumably because he is aware he cannot defeat them. Thus, as demonstrated above, there is no justification for the Court to exercise its discretion under Rules 39(b) or 81(c) to allow Plaintiff to make an untimely demand for a jury trial.

---

[5] Notably, to the extent the parties have yet to engage in extensive discovery, this is because Plaintiff's counsel has failed to return the proposed confidentially stipulation sent to him more than a month ago on March 21, 2008.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that this Court grant the Motion to strike Plaintiff's demand for a jury trial and deny the Cross-Motion for leave to make a demand for a jury trial.

Dated: New York, New York
       April 30, 2008

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By: _____
Joel E. Cohen (JC 5312)
Katherine D. Kale (KK 7586)
340 Madison Avenue
New York, New York 10173
(212) 547-5400

*Attorneys for Defendant*

NYK 1157671-1.041332.0354

FOCUS - 14 of 106 DOCUMENTS

ELIZABETH PECK, PLAINTIFF, v. AETNA LIFE INSURANCE COMPANY, DEFENDANT.

CIVIL ACTION NO. 3:04-cv-1139 (JCH)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2007 U.S. Dist. LEXIS 39913

June 1, 2007, Decided
June 1, 2007, Filed

**SUBSEQUENT HISTORY:** Summary judgment denied by, Summary judgment granted by *Peck v. Aetna Life Ins. Co.*, 2007 U.S. Dist. LEXIS 40031 (D. Conn., June 1, 2007)

**PRIOR HISTORY:** *Peck v. Aetna Life Ins. Co.*, 464 F. Supp. 2d 122, 2006 U.S. Dist. LEXIS 90634 (D. Conn., 2006)

**COUNSEL:** [*1] For Elizabeth Peck, Individually and o/b/o all others similarly situated, Plaintiff: Andrew M. Schatz, LEAD ATTORNEY, Jeffrey S. Nobel, LEAD ATTORNEY, Nancy A. Kulesa, Schatz Nobel Izard PC-Htfd, Hartford, CT; Evan S. Schwartz, LEAD ATTORNEY, Michail Z. Hack, LEAD ATTORNEY, Richard J. Quadrino, LEAD ATTORNEY, Quadrino & Schwartz, Garden City, NY; Karin E. Fisch, LEAD ATTORNEY, Abbey Spanier Rodd Abrams & Paradis-NY, New York, NY; Peter G. Eikenberry, LEAD ATTORNEY, Peter G. Eikenberry, New York, NY.

For Aetna US Health Care, Defendant: James H. Rotondo, Day Pitney LLP-Ftfd-CT, Hartford, CT.

For Aetna Life Insurance Co., Defendant: Maria Eleni Kokiasmenos, James H. Rotondo, Day Pitney LLP-Ftfd-CT, Hartford, CT.

For Aetna Inc, Defendant: James H. Rotondo, Day Pitney LLP-Ftfd-CT, Hartford, CT.

**JUDGES:** Janet C. Hall, United States District Judge.

**OPINION BY:** Janet C. Hall

**OPINION**

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION FOR PLAINTIFF'S SEVENTH AMENDMENT RIGHT TO A JURY TRIAL (Doc. No. 120)

Plaintiff Elizabeth Peck has brought this action pursuant to *section 502(a)(1)(B)* of the Employee Retirement Income Security Act ("ERISA"), *29 U.S.C. § 1132*, alleging [*2] that defendant Aetna Life Insurance Company ("Aetna") wrongfully denied her long-term disability benefits. Peck now brings this Motion for Reconsideration of the court's Ruling striking Peck's jury demand. For the following reasons, Peck's motion is denied.

**I. STANDARD**

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995)(citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. [*3] *Eisemann v. Greene*, 204 F.3d 393, 395 n. 2 (2d Cir. 2000)(per curiam)("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.")(internal quotation marks omitted).

2007 U.S. Dist. LEXIS 39913, *

## II. DISCUSSION

In its original Ruling on Peck's jury demand, the court rejected Peck's argument that the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S. Ct. 708, 151 L. Ed. 2d 635 (2002)* altered the well-established rule in the Second Circuit that "there is no right to a jury trial in a suit brought to recover ERISA benefits." *Peck v. Aetna Life Ins. Co., 2005 U.S. Dist. LEXIS 35605, 2005 WL 1683491 at * 4 (D.Conn. July 19, 2005)*(citing *Sullivan v. LTV Aerospace & Def. Co., 82 F.3d 1251, 1258 (2d Cir. 1996)* and *DeFelice v. Am. Int'l Life Assurance Co. of New York, 112 F.3d 61, 64 (2d Cir. 1997)*). In her motion for reconsideration, Peck now claims that the Second Circuit's decision in *Pereira v. Farace, 413 F.3d 330 (2d Cir. 2005)*, entitles her to a jury trial. *See Pereira, 413 F.3d at 337.* [*4]

Peck's argument is without merit. As the court stated in its first Ruling on Peck's right to a jury trial, "the court will follow the binding Second Circuit precedent found in *Sullivan* and *DeFelice* until the Second Circuit instructs otherwise." *Peck 2005 U.S. Dist. LEXIS 35605, 2005 WL 1683491 at * 4. Sullivan* specifically addressed the right to a jury trial for suits, like Peck's, brought to recover ERISA benefits under *section 502(a)(1)(B). Sullivan 82 F.3d at 1258-59. Pereira*, however, dealt only with whether a plaintiff seeking compensatory damages for breach of fiduciary duty has a right to a jury trial. *Pereira 413 F.3d at 337.* The court finds that *Sullivan*, not *Pereira*, is binding Second Circuit precedent in this case. Therefore, Peck's Motion for Reconsideration (Doc. No. 120) is DENIED.

## III. CONCLUSION

For the foregoing reasons, Peck's Motion for Reconsideration (Doc. No. 120) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 1st day of June, 2007.

/s/ Janet C. Hall

United States District [*5] Judge