UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
ALESSANDRO GAJANO,                              :
                                                     08-CV-0161 (MGC)
            Plaintiff,                          :
                                                     ECF CASE
    -against-                                   :
                                                     CONFIDENTIALITY
NORDDEUTSCHE LANDESBANK                         :    STIPULATION AND ORDER
GIROZENTRALE,                                   :

            Defendant.

    IT IS HEREBY STIPULATED AND AGREED by the plaintiff Alessandro Gajano ("Plaintiff") and attorneys for defendant Norddeutsche Landesbank Girozentrale ("Defendant") that:

    1.  All documents to be produced in discovery proceedings that are stamped or described by the producing party as "CONFIDENTIAL" shall be subject to the following restrictions:

        (a)  Such documents and the information contained in the document shall be used only for the purpose of this litigation and not for any other purpose whatsoever;

        (b)  Such documents shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone except:

            (i)   the Court and its employees, court reporters and stenographers at depositions;

            (ii)  the attorneys of record and their associated attorneys, for the party or parties in this litigation to which such documents are produced, and the employees of such attorneys to whom it is necessary that the material be shown for the purpose of this litigation;

(iii) counsel, including inside counsel, of any such party who are working on the case;

(iv) independent accountants, statisticians, economists, engineers or other independent experts retained by the parties or the attorneys of record for such party to assist in the preparation of this case for trial;

(v) deponents at depositions in this case; and

(vi) Plaintiff or Defendant, or the directors, officers and employees of Defendant as are assisting in the preparation of this case for trial and to whom in the opinion of Defendant's attorney(s) it is necessary to the preparation of Defendant's case that such material be shown.

(c) The foregoing restrictions in Paragraphs 1(a) and (b) above, regarding documents designated as CONFIDENTIAL shall only apply to the non-producing party.

2. The restrictions imposed by the requirements of Paragraph 1 may, at the request of the producing party, govern responses to interrogatories, document requests, questions posed at depositions and responses thereto, and responses to inquiries otherwise posed pursuant to provisions in the Federal Rules of Civil Procedure or other applicable statutes or rules.

3. Each person referred to in Paragraphs 1(b)(ii), (iii) and (vi) agrees, as evidenced by signatures below, to be bound by the terms of this Stipulation. Each person referred to in Paragraphs 1 (b)(iv) and (v) to whom any documents, or copies are to be given, shown, made available, discussed or otherwise communicated in any way, in whole or in part, and each person receiving any information subject to the restrictions referred to in Paragraph 1 above, shall first be told about this Confidentiality Stipulation and advised not to disclose such documents and/or information outside the context of the present litigation.

4. Each party reserves the right to redesignate as "CONFIDENTIAL" any documents that it produces, or has already produced or any information subject to the restrictions of Paragraph 1. Such redesignation shall be effective as of the date of such redesignation.

5. At any time during the period of this action, any party who objects to the designation of any CONFIDENTIAL material will advise the producing party in writing of its objection and the basis of the objection. If the parties are unable to resolve the objection in good faith, the objecting party shall move for an order vacating the designation in dispute. While such an application is pending, the CONFIDENTIAL designated material will be treated as confidential under the terms of this Stipulation. None of the parties to this action is obliged to challenge the designation of any material marked CONFIDENTIAL at the time of receipt, disclosure or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

6. At the conclusion of the above-entitled action, all originals and copies of any documents subject to this protective order shall be given to the producing attorney of record or party on request and shall not be retained by any party or receiving attorney; and all notes or other records of the receiving attorneys or party relating to confidential information supplied by the producing party shall be destroyed. A certificate of such destruction shall be provided to the producing attorney or party.

7. The provisions of any protective order issued in this action insofar as it restricts the communication and use of the documents produced thereunder shall continue to be binding after the conclusion of this action, unless the party obtains written permission of the producing party or stipulation.

8. Nothing in this Stipulation shall bar or otherwise restrict any attorneys from rendering advice with respect to this litigation to the party for which such attorneys have appeared of record in this action and, in the course thereof, referring to or relying generally upon their examination of documents produced to them in this action.

9. This Stipulation supersedes any previous arrangement for confidentiality entered into by the parties. The obligations incurred under such agreements are not altered or suspended except as modified herein.

Dated: New York, New York
June 18, 2008

I hereby consent to the form and entry of the within Confidentiality Stipulation.

| MARK E. GOIDELL | McDERMOTT WILL & EMERY LLP |
|---|---|
| By: _____ <br> Mark E. Goidell (MG 4786) | By: _____ <br> Joel E. Cohen (JC 5312) <br> Katherine D. Kale (KK 7586) |
| 377 Oak Street, Suite 101 <br> Garden City, NY 11530 <br> (516) 683-0001 | 340 Madison Avenue <br> New York, NY 10173 <br> (212) 547-5689 |
| Attorney for Plaintiff | Attorneys for Defendant |

SO ORDERED: Subject to modification by the court as the interest of justice may require.

_____
Hon. Miriam G. Cedarbaum, U.S.D.J.

June 19, 2008

NYK 1151076-1.041332.0354